## EL PUEBLO v. RAMOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 96.—Resuelto en diciembre 19, 1907.

DELITOS CONTRA EL PODER EJECUTIVO.—ID. CONTRA LA JUSTICIA PÚBLICA—ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES.—Tanto el delito previsto en el artículo 137 del Código Penal, como el comprendido en el 84 del mismo Código y el que prevee el número 1 de la Sección 6 de la ley de acometimiento y agresión, de marzo 10, 1904, tienen un elemento integrante y común, cual es el de ser funcionario público la persona ofendida; pero difieren en que los dos primeros tienen por objeto impedir á un funcionario público el cumplimiento de su deber, el del artículo 137 sin empleo de amenaza ó violencia, y el del 84 con tal empleo, fin que no tiene el delito de acometimiento, por más que en éste exista la violencia.

ID.—El hecho de que el acusado, en el caso de autos, impidiera, por medio de amenazas, á un inspector de higiene que le notificara una orden del oficial de sanidad, hasta el extremo de tener que valerse dicho inspector, de un policía para que hiciera la notificación, es un delito previsto claramente en el artículo 84 del Código Penal, y no puede ser castigado, con arreglo al 137 de dicho Código, por no estar comprendido en el mismo.

ID.—INSPECTORES DE HIGIENE.—Los inspectores de higiene son funcionarios municipales que deben ser reputados funcionarios ejecutivos á los efectos del artículo 84 del Código Penal.

ID.—DELITO FELONY—JURISDICCIÓN.—El delito previsto y castigado en el artículo 84 del Código Penal es un delito *felony*, para el conocimiento del cual no tiene jurisdicción la corte municipal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Campillo.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

Ante el juez de la corte municipal de Manatí fué presentada denuncia, que copiada á la letra dice así:

"En Manatí, hoy día 7 de diciembre de 1906, ante mí, juez de la corte municipal, comparece Enrique Villamil, Inspector Higiene, domiciliado en Manatí, prestó juramento ofreciendo decir verdad y expone: Que denuncia criminalmente á Virgilio Ramos Casellas, de Manatí, domiciliado en el pueblo por el delito de, contra la Justicia Pública, cometido en la siguiente forma: En este día, á las 12:20 p. m., se constituyó el declarante en el establecimiento del denunciado, en la calle de McKinley, de este pueblo, á notificarle al Sr. Ramos Casellas una orden del oficial de sanidad referente al depósito de leche, y al enseñarle al Ramos la dicha orden, éste, voluntariamente, sin querer leerla, le ordenó se retirara de allí, diciendo iba á matar al deponente por sinvergüenza, y uniendo la acción á la palabra, abrió un cajón del mostrador, sacó un revólver y amenazó con él al dicente; que tuvo necesidad de salir seguido del local, para evitar la agresión, teniendo necesidad de pedir auxilio del Policía Martorani, para que le recogiera la firma en la dicha orden del oficial de sanidad. Son testigos Blás Martorani, P. I., Antonio García, Plácido Cebollero, Ramón Fernández y Tomás Soriano, de Manatí.—Leída la presente y ratificado, firma.—(Firmado) Enrique Villamil.—(Firmado) Félix Córdova Dávila, Juez Municipal."

Con dicha denuncia por base, á virtud de recurso de apelación interpuesto contra la sentencia que dictara la corte municipal de Manatí, fué juzgado nuevamente el denunciado Virgilio Ramos Casellas ante la Corte de Distrito del Distrito Judicial de Arecibo, y esa corte dictó sentencia declarando culpable á Ramos Casellas del delito contra la justicia pública, comprendido en el artículo 137 del Código Penal, y condenándole, en su consecuencia, á las penas de $100 de multa y dos meses de cárcel, con las costas de ambas instancias á su cargo, cuya sentencia ha venido á esta Corte Suprema para ser revisada en grado de apelación, interpuesta por Ramos Casellas.

La parte apelante alega, como fundamentos del recurso, los siguientes:

1º. Que la Corte de Distrito de Arecibo cometió error al calificar el hecho denunciado como constitutivo de un delito previsto en el artículo 137 del Código Penal, pues atendido al texto del artículo 84 del mismo Código, no puede tener aplicación aquel artículo al presente caso.

2º. Que la denuncia carece de los requisitos esenciales exigidos por la Ley: (a) porque si bien en ella se hace constar que el hecho occurió en Manatí, no se expresa en qué distrito occurió ó á qué distrito pertenece el pueblo de Manatí; (b) porque de la denuncia no aparece que la orden que se trataba de notificar al acusado había sido expedida por un funcionario con autoridad para dictar tal orden y con jurisdicción competente; (c) porque tampoco afirma la denuncia que el acusado tuviera conocimiento de que la persona agraviada era un funcionario público; (d) porque tampoco dice la denuncia que el acusado realizara los actos que se le imputan en contra de la persona agraviada, á sabiendas de que obraba contra dicha persona en su carácter de funcionario público.

"3º. Que el fiscal no acreditó en el juicio los siguientes extremos necesarios para la prueba del delito: (a) que el ofendido, Enrique Villamil, era inspector de higiene y debidamente nombrado; (b) que entre las obligaciones inherentes á su cargo, tenía la de notificar órdenes que diera el oficial de sanidad; (c) que la orden que Villamil trató de notificar al acusado fué expedida por el oficial de sanidad, con autoridad y jurisdicción para expedirla; (d) que al acusado le constaba que Villamil era inspector de higiene y actuaba con tal carácter."

Examinemos el primer fundamento del recurso.

El artículo 137 del Código Penal, dentro del cual se ha estimado comprendido el hecho denunciado, dice así:

"Artículo 137.—Toda persona que voluntariamente resistiere, demorare ó estorbare á cualquier funcionario público en el cumplimiento de algunas de las obligaciones de su cargo, ó al tratar de cumplirlas, siempre que no hubiere otra pena señalada, incurrirá en multa máxima de $5,000 y cárcel por un término máximo de un año."

De los términos en que está redactada la denuncia se desprende claramente que al ir á notificar el inspector de higiene,

Enrique Villamil, á Virgilio Ramos Casellas, una orden del oficial de sanidad, referente á un depósito de leche, Ramos Casellas impidió el cumplimiento de dicha orden, consiguiendo por medio de amenazas que el inspector se retirara y se viera obligado á encargar al Policía Insular Martorani que recogiera la firma del Ramos Casellas.

Para que los hechos denunciados estén comprendidos en el artículo 137 del Código Penal ya transcrito, será necesario que no exista en el Código otra sanción penal que la establecida por dicho artículo.

Los textos legales que pueden ser atinentes al caso, son el artículo 84 del Código Penal y la ley de 10 de marzo de 1904, para determinar y castigar acometimiento, acometimiento y agresión, acometimiento con circunstancias agravantes y acometimiento y agresión con circunstancias agravantes, y para derogar la sección 237 del Código Penal.

El artículo 84 del Código Penal dice así:

"Artículo 84.—Toda persona que intentare por medio de amenaza ó violencia impedir á un funcionario ejecutivo que cumpla cualquier obligación impuéstale por la Ley ó que á sabiendas hiciere resistencia á dicho funcionario en el cumplimiento de su deber, empleando fuerza ó violencia, incurrirá en una multa máxima de $5,000 y en pena de presidio por un término máximo de cinco años."

La ley ya citada de 10 de marzo de 1904, en sus secciones 1ª., 6ª. y 8ª. dice así:

"Sección 1ª.—Todo acto ilegal de inferir daño violento en la persona de algún semejante con la intención de causarle daño, cualquiera que sean los medios ó el grado de violencia que se emplearen, constituirá un delito de acometimiento y agresión. Toda tentativa para cometer una agresión ó cualquiera señal de amenaza que demuestre en sí ó con palabras una intención inmediata, acompañada de aptitud para cometer la agresión, será considerada como un acometimiento.

"Sección 6ª. Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos: 1. Cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus

deberes, en caso de saberse ó haberse hecho saber á la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Sección 8ª.—La pena correspondiente al delito de acometimiento de carácter grave ó al de acometimiento y agresión de la misma naturaleza, consistirá en multa, que no bajará de 50, ni excederá de 1,000 dollars ó de prisión en cárcel que no bajará de un mes ni excederá de dos años, ó ambas penas, multa y prisión."

En vista del texto del artículo 137 del Código Penal, del artículo 84 del mismo Código, y de las secciones 1ª., 6ª. y 8ª de la Ley de 10 de marzo de 1904, entendemos, que tanto el delito comprendido en el artículo 137 del Código Penal, como en el 84 del mismo Código, como el delito de acometimiento con la circunstancia agravante de ser un funcionario legal el acometido, hay un elemento integrante común, cual es el de ser funcionario público la persona ofendida, pero difieren en que los dos primeros tienen por objeto impedir á un funcionario público el cumplimiento de un deber de su cargo, el delito del artículo 137 sin empleo de amenaza ó violencia y el del artículo 84 con semejante empleo, fin que no tiene el delito de acometimiento á un funcionario público, por más que en éste haya tentativa ó amenaza de violencia.

Los hechos, materia de denuncia, no constituyen el delito de acometimiento á un funcionario legal ó público, pues entrañan un elemento ajeno á dicho delito, cual fué el impedir á un funcionario público el cumplimiento de una obligación de su cargo, elemento que elevó aquellos hechos á la categoría de delito comprendido en alguno de los dos artículos 137 ú 84 del Código Penal.

El artículo 137 dentro del cual el juez sentenciador estima comprendido el delito, no es el aplicable al presente caso, como lo sería si los hechos denunciados no estuvieran claramente comprendidos en el artículo 84, pues la denuncia refiere hechos demostrativos de que el denunciado intentó y consiguió impedir por medio de amenaza ejercida en la persona del Inspector de Higiene, Enrique Villamil, que éste notificara á

aquél una orden del oficial de sanidad de Manatí, referente á un depósito de leche. Esa amenaza no es característica del delito que define el artículo 137 del Código Penal, y aunque el inspector de higiene puede estimarse un funcionario público por participar del ejercicio de funciones públicas, entra, además, en concepto específico de funcionario ejecutivo por relacionarse sus funciones con el ramo de sanidad, que es uno de los objectivos del poder ejecutivo.

Los inspectores de higiene son empleados del municipio, y es deber de los mismos 'hacer cumplir las leyes y ordenanzas de higiene, según la sección 734 de los Estatutos Revisados, siendo, por tanto, funcionarios ejecutivos; pero si no se les quisiera dar esa calificación, serían en todo caso funcionarios municipales y deberían, por tanto, ser reputados funcionarios ejecutivos á los efectos del artículo 84 del Código Penal, según el precepto del artículo 94 del mismo Código.

Siendo como es *felony* el delito imputado en la denuncia á Virgilio Ramos Casellas, según el artículo 14 del Código Penal, pues apareja multa máxima de $5,000 y pena de presidio por un término máximo de cinco años, la corte municipal de Manatí ha carecido de jurisdicción para conocer del mismo, según la sección 4ª. de la Ley de 10 de marzo de 1904 para reorganizar el sistema judicial de Puerto Rico, y, por tanto, la sentencia que pronunció en el presente caso es nula, como nula ha sido también la pronunciada por la Corte de Distrito de Arecibo, que es la apelada ante esta Corte Suprema, pues esa corte debió conocer del delito de que se trata con jurisdicción originaria, llenando todas las formalidades prevenidas por la ley en casos de *felony*.

Y no cabe invocar para el sostenimiento de la sentencia apelada el artículo 44 del Código Penal, según el cual un acto ú omisión penable de distintos modos, por distintas disposiciones del Código, podrá castigarse, con arreglo á cualquiera de dichas disposiciones, pues el acto denunciado no es penable por diversos preceptos del Código, sino que está penado por el artículo 84 del Código Penal y no puede estimarse compren-

dido en el artículo 137 del mismo y en las secciones de la ley de 10 de marzo ya transcritas; aparte de que en ningún caso podría ser aplicable aquel artículo, por falta de jurisdicción de la corte de Manatí para conocer de la denuncia que originó el procedimiento, y falta consiguiente de jurisdicción de la corte de Arecibo para conocer en grado de apelación de un hecho, respecto del cual tenía jurisdicción originaria.

Estimando, como estimamos nula, la sentencia apelada por el primer motivo alegado en el recurso, sería ocioso examinar los demás fundamentos del mismo.

Por las razones expuestas, entendemos que procede declarar nula y revocar la sentencia que pronunció la Corte de Distrito de Arecibo, condenando á Virgilio Ramos Casellas á la multa de $100 y dos meses de cárcel como culpable del delito contra la justicia pública, comprendido en el artículo 137 del Código Penal, y debe comunicarse tal resolución á la corte inferior para la celebración de un nuevo juicio ó para cualquiera otra resolución que proceda en derecho.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociado, MacLeary y Wolf.

El Juez Asociado Sr. Figueras, no intervino en la resolución de este caso.