EL PUEBLO, DEMANDANTE Y APELADO, *v.* OTERO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Dictrito de Mayagüez, en un caso de acometimiento y agresión con circunstancias agravantes.

No. 644.—Resuelto en enero 13, 1914.

ACOMETIMIENTO Y AGRESIÓN A UN POLICÍA—DELITO CONTRA LA JUSTICIA PÚBLICA.—El acometer y agredir ilegalmente a un policía, sabiendo que es tal

policía y que se halla en el ejercicio de sus funciones, con el propósito de causarle daño en su persona, constituye un delito de acometimiento y agresión con circunstancias agravantes, prescrito en la ley de marzo 10, 1904, y es de naturaleza distinta del delito contra la justicia pública previsto y castigado en el artículo 137 del Código Penal.

ID.—DELITOS CONTRA EL PODER EJECUTIVO.—El artículo 84 del Código Penal que castiga el delito de impedir a un funcionario ejecutivo que cumpla cualquiera obligación impuéstale por la ley, no ha sido derogado por la ley de marzo 10, 1904, que determina y castiga el delito de acometimiento y agresión. *El Pueblo* v. *Valcourt,* 16 D. P. R., 728.

ID.—MÓVILES DEL DELITO—GRADUACIÓN DE LA RESPONSABILIDAD DEL ACUSADO.— Los móviles que hayan impulsado a un acusado a cometer el delito de acometimiento y agresión, pueden ser tomados en consideración por la corte sentenciadora para graduar la mayor o menor responsabilidad del acusado a los efectos de la imposición de la pena.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Mayagüez dictada el 11 de septiembre de 1913, por la cual se condenó a Francisco Otero a pagar una multa de $50 y en su defecto a sufrir dos días de cárcel, como autor de un delito de acometimiento y agresión con circunstancias agravantes.

En su alegato la parte apelante sostiene que la corte sentenciadora, erró:

(*a*) Al desestimar la excepción del acusado de que los hechos, tales como aparecían de la faz de la denuncia, no constituían el delito de acometimiento y agresión grave, sino un delito contra la justicia pública.

(*b*) Al apreciar las pruebas y concluir que se había probado la existencia del hecho denunciado, y

(*c*) Al no declarar al acusado exento de responsabilidad, de acuerdo con lo dispuesto en el número 6 de la sección 2 de la ley para determinar y castigar el acometimiento, etc., aprobada en marzo 10, 1904.

Examinemos el primer error.   La denuncia, base del proceso, en lo pertinente, dice así:

"Yo, Alfredo Schmidt, P. I.   *   *   *   formulo denuncia contra Francisco Otero, mayor de edad, vecino de esta ciudad, por delito de acometimiento y agresión grave, cometido de la manera siguiente: que en 25 de mayo de 1913, y en Barrio Mayagüez Arriba, (sitio conocido por *Play Ground*) del Distrito Judicial Municipal de Mayagüez, P. R., el acusado Francisco Otero, maliciosa, voluntaria y criminalmente, y con la intención de causarme grave daño corporal, me acometió y agredió con un paraguas, causándome una contusión en el lado derecho del cuello; este hecho ocurrió a las 4.30 p. m.

"El acusado al cometer el delito expresado, sabía que yo era un Policía Insular, y que en aquel momento me encontraba, en funciones oficiales de mi cargo como tal Policía Insular."

La sección 1 de la ley para determinar y castigar el delito de acometimiento, etc., aprobada en marzo 10 de 1904, prescribe que constituirá un delito de acometimiento y agresión "todo acto ilegal de inferir algún daño violento a la persona de algún semejante con la intención de causarle daño, cualesquiera que sean los medios y el grado de violencia que se emplearen," y, la sección 6ª. de la expresada ley dispone que todo acometimiento y agresión será considerado con circunstancias agravantes en varios casos, entre ellos "cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial."

Una simple lectura de la denuncia y de la ley aplicable es suficiente para concluir que el hecho imputado en la primera al apelante cae de lleno dentro de las prescripciones de la segunda, y que, por tanto, al resolverlo así, la corte sentenciadora no cometió error alguno.

El delito contra la justicia pública previsto y castigado en el artículo 137 del Código Penal a que se refiere el apelante, es de naturaleza distinta.   Se comete por "toda per-

sona que voluntariamente resistiere, demorare o estorbare a cualquier funcionario público en el cumplimiento ·de alguna de las obligaciones de su cargo, o al tratar de cumplirla,'' y se castiga, cuando no hubiere otra pena señalada, con multa máxima de $5,000 y cárcel por un término máximo de un año.

En el presente caso no se imputó al acusado la intención voluntaria de resistir, demorar o estorbar al policía denunciante en el cumplimiento de los deberes de su cargo, sino la de acometer y agredir ilegalmente al policía, sabiendo que era tal policía y que se hallaba en el ejercicio de sus funciones, con el propósito de causarle daño en su persona.

El razonamiento empleado en el caso de *El Pueblo* v. *Valcourt,* 16 D. P. R., 728, para sostener que el artículo 84 del Código Penal no fué derogado por la ley para determinar y castigar el delito de acometimiento, etc., de 1904, puede invocarse en apoyo de nuestra decisión en el presente.

Examinemos el segundo error. Forma parte de los autos una exposición del caso que contiene toda la amplia prueba practicada en el acto de la vista. Hemos leído cuidadosamente dicha prueba y los testigos de cargo imputan directamente al acusado el hecho de haber acometido y agredido con un paraguas al policía denunciante, mientras éste se encontraba, vistiendo su uniforme, en el ejercicio de su cargo. La corte creyó el testimonio de dichos testigos y nada demuestra en los autos que errara al proceder de tal modo.

Examinemos, por último, el tercero de los errores alegados. Aparece de la prueba que el 25 de mayo de 1913 se celebraba en Mayagüez, en un sitio apropiado para ello, un juego de *base-ball;* que como de costumbre la policía se encontraba allí prestando sus servicios; que el público estaba muy interesado en el juego y la policía tenía que contenerle para que no penetrara en el lugar reservado para los jugadores; que estando cumpliendo con esta misión el policía denunciante, cayó al suelo un hijo menor de edad del acusado, según algunos testigos de descargo a consecuencia de un golpe que con su macana le diera el policía; que el niño fué recogido por

uno de los testigos de la defensa; y que el acusado gritó que eso era un abuso y acto seguido acometió con su paraguas al policía.

No hay nada en los autos que demuestre que el policía denunciante acometiera directamente al hijo del acusado, ni menos que estuviera acometiendo y agrediendo al niño cuando el acusado le acometió y agredió con su paraguas.

Siendo éstos los hechos, se impone la conclusión de que el acusado no está exento de responsabilidad criminal, ya que no tuvo necesidad en modo alguno de agredir al policía para defender a su hijo, y, en tal virtud, que la corte sentenciadora tampoco cometió el error que se le atribuye.

Lo acaecido con el niño puede tomarse en consideración para explicar los móviles que impulsaron al acusado a cometer el delito, y, en su consecuencia, para graduar su mayor o menor responsabilidad. La corte así lo hizo y al imponer al acusado el mínimum de la pena fijada por la ley, apreció el hecho de la manera más favorable que pudo hacerlo en pro del acusado.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.