EL PUEBLO, DEMANDANTE Y APELADO, *v.* LÓPEZ, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en causa por delito de acometimiento y agre-
sión con circunstancias agravantes.

No. 1227.—Resuelto en enero 21, 1918.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—AGRESIÓN A UN
FUNCIONARIO LEGAL—CUMPLIMIENTO DE DEBERES OFICIALES.—Para que exista
la agravante a que se refiere el apartado 1′ de la sección 6 de la ley de marzo
10, 1904 sobre la materia, es necesario que al realizarse el acometimiento
y agresión en la persona de un funcionario público, éste se halle en el cumpli-
miento de sus deberes oficiales.

ID.—ID.—ACOMETIMIENTO Y AGRESIÓN SIMPLE.—Una acusación por acometi-
miento y agresión a un funcionario en la que no se alega que éste se hallaba
en el ejercicio de su cargo al realizarse el acto, sólo imputa la comisión de
un delito de acometimiento y agresión simple.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Celestino Iriarte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El acusado fué condenado como autor de un delito de
acometimiento y agresión con circunstancias agravantes.

La acusación dice así:

"El citado Joaquín López Díaz, allá el día 10 de abril de 1917,
en Santurce, que forma parte del Distrito Judicial de San Juan,
ilegal, voluntaria y maliciosamente acometió y agredió al detective
de la Policía Insular, Manuel G. Galvarín, infiriéndole con una pie-
dra una fuerte contusión en la región costal derecha, cuya agresión
llevó a efecto a sabiendas de que Manuel G. Galvarín era un detec-
tive de la Policía Insular."

El apelante compareció por su abogado al acto de la vista
del recurso. Alegó únicamente que la acusación no le impu-
taba un delito de acometimiento y agresión con circunstancias
agravantes, sino un delito de acometimiento y agresión
simple.

Tiene razón el apelante. La sección 6 de la ley para deter-

minar y castigar acometimiento, etc., aprobada el 10 de marzo de 1904, copiada en lo pertinente, dice así:

"Sección 6.—Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos: 1. Cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial. * * *."

La agravante consiste, pues, en que el acometimiento y agresión se realice en la persona de un funcionario legal que se halle en el cumplimiento de sus deberes oficiales. Un policía puede encontrarse en su casa y tener una cuestión puramente privada con otra persona que sabe que él desempeña tal cargo y ser agredido por esa otra persona. La circunstancia de que el agresor supiera que el agredido era un funcionario público, no agrava por sí sola el delito. La dignidad personal de un funcionario es igual que la de cualquier ciudadano particular. La ley no distingue en este extremo. Lo que agrava el delito, repetimos, es el hallarse el funcionario en el ejercicio de su cargo. Es la dignidad del servicio público lo que el legislador tuvo en cuenta para hacer la distinción.

En tal virtud no alegando la acusación que el detective Galvarín se hallara en el ejercicio de las funciones de su cargo, no imputa al acusado la comisión de un delito de acometimiento y agresión grave, sino simple, y la sentencia dictada debe modificarse para armonizarla con la acusación, base del proceso.

> *Confirmada la sentencia apelada pero modificándola en el sentido de declarar al acusado culpable del delito de acometimiento y agresión simple.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.