EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FIDEL LIND, acusado y apelante.

No. 4016.—*Sometido:* Febrero 5, 1930. *Resuelto:* Marzo 31, 1930.

R. A. *López Antongiorgi,* abogado del apelante; R. A. *Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Policía Insular Domingo Vicente formuló denuncia contra Fidel Lind ''por delito infracción al artículo 137 del Código Penal cometido de la manera siguiente:

''Que en 22 de julio, hora (9 A. M.) de 1929, y en la calle Esperanza de Arroyo, . . . el referido acusado Fidel Lind, habiendo sido arrestado legalmente por el suscribiente que era en aquel entonces y es en la actualidad un funcionario del orden público, Policía Insular, sabiendo el acusado que el denunciante obraba en cumplimiento de sus obligaciones como tal funcionario, voluntaria, maliciosa y criminalmente, se resistió a entregarme un frasco de cristal conteniendo ron bebida embriagante que transportaba sobre su persona, oponiéndose violentamente a que cumpliese con mis deberes impuéstome por la ley, teniendo que hacer uso del roten para efectuar su arresto.''

Juzgado el caso en la corte municipal fué el acusado condenado. No conforme apeló para ante la corte de distrito. Al ser llamado el nuevo juicio excepcionó la denuncia. Desestimada la excepción, se procedió a la práctica de la prueba y otra vez fué condenado el acusado que apeló entonces para ante este Tribunal Supremo.

El alegato del apelante es completo y al formular el suyo el fiscal se mostró conforme en que debe revocarse la sentencia y absolverse al acusado tanto considerando la denuncia en sí misma cuanto analizando la prueba.

██ Conocemos la denuncia. Y es para nosotros claro que examinada a la luz de la jurisprudencia sentada en el caso de *El Pueblo* v. *Ramos,* 13 D.P.R. 336, alegándose como en ella se alega la actuación violenta por parte del acusado, el delito que imputa es el previsto y castigado en el artículo 84 del Código Penal y no en el 137, y como para conocer de dicho delito no tenía jurisdicción la corte municipal, por ser *felony,* todo el procedimiento cae por su base y debe revocarse la sentencia recurrida.

██ En el caso de que no fuera así, entrando en el estudio de la prueba—aunque creemos que la declaración del policía demuestra algo más de lo que admite el fiscal de esta corte en su alegato ya que repetidamente insistió en que conoció que era un frasco con ron lo que conducía el acusado antes de ver el frasco y examinar directamente su contenido tanto por la forma del bulto como por el olor de las gotas de líquido que caían fuera del saco,—es lo cierto que en la conciencia del juzgador produce dicho estudio no ya la mera impresión sino la firme convicción de que el policía acometió, agredió e hirió al acusado sin necesidad alguna. Siendo ello así, no debe continuarse la obra injusta comenzada el 22 de julio de 1929, condenándolo a pagar una multa y en su defecto a sufrir determinados días de arresto. Creemos con el fiscal que son bastante aplicables a este caso las palabras del Juez Gaynor en el de *El Pueblo* v. *Huchstin,* 73 N.Y.S. 626. Dicen así:

"Aunque sujeto siempre a rectificación, y con la mayor deferencia a la erudición y experiencia del ilustrado juez de la corte inferior, no puedo explicarme esta declaración de culpabilidad de otro modo que no sea como un increíble error de la justicia. El juicio en vez de demostrar a este acusado culpable del delito imputado contra él, parece más bien no demostrarlo culpable de ningún delito

·y revela más bien al denunciante como culpable de una ofensa de las de carácter más grave para la comunidad; y sin embargo, el acusado 'se encontró convicto en una corte de justicia de una imputada ofensa, mientras que el denunciante no ha recibido todavía una reprimenda o ha sido acusado.''

*Debe revocarse la sentencia recurrida y absolverse al acusado.*