EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ Mª BRUNET, JOSÉ RUBIO, JR., y VIRGILIO COLÓN, acusados y apelantes.

No. 5480.—*Sometido:* Enero 29, 1935. *Resuelto:* Febrero 28, 1935.

*Felipe Colón Díaz*, abogado de los apelantes; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Cinco personas fueron denunciadas por infracción del artículo 137 del Código Penal. La Corte de Distrito de Ponce condenó a dos de ellas a pagar $10 de multa y 30 días de cárcel y a otra a $5 de multa y 5 días de cárcel.

En la apelación que contra la sentencia interpusieron los que fueron condenados alegan que debe ser revocada porque la Corte de Distrito de Ponce no tenía jurisdicción para conocer de esa denuncia en grado de apelación porque la Corte Municipal de Juana Díaz no la tuvo para conocer de los hechos denunciados por ser constitutivos de un delito grave (*felony*).

El fiscal de este tribunal está conforme con esa alegación de los apelantes y nos pide también que revoquemos la sentencia.

La denuncia fué presentada por un guardia de la Policía Insular y en ella se expone que en determinada fecha y en el pueblo de Juana Díaz, que forma parte de la corte municipal de ese nombre, los denunciados, a sabiendas de que era y es un funcionario público de la Policía Insular de Puerto Rico debidamente uniformado, mientras en el cumplimiento de las obligaciones de su cargo, en unión de otro policía, se disponían a arrestar a cierta persona por un delito público de alteración de la paz, le resistieron, lo demoraron y lo estorbaron en el cumplimiento de las obligaciones de su cargo haciendo uso de fuerza y violencia, agarrándolo tres de ellos fuertemente por los brazos, despojándolo del rotén, de la gorra y del revólver, y agarrando los otros dos al otro guar-

dia por los brazos y el pelo fuertemente, despojándolo también de la macana.

El artículo 137 del Código Penal castiga con cárcel por un término máximo de un año y multa máxima de $5,000, siempre que no hubiere otra pena señalada, a toda persona que voluntariamente resistiere, demorare o estorbare a cualquier funcionario público en el cumplimiento de alguna de las obligaciones de su cargo, o al tratar de cumplirla. Y el artículo 84 del mismo código dispone que toda persona que intentare por medio de amenaza o violencia disuadir o impedir a un funcionario ejecutivo que cumpla cualquiera obligación impuéstale por la ley, o que a sabiendas ofreciere resistencia a dicho funcionario en el cumplimiento de su deber, empleando viva fuerza o violencia, incurrirá en una multa máxima de cinco mil dólares y en pena de presidio por un término máximo de cinco años. El delito definido y castigado en el artículo 84 es grave (*felony*) por la pena señalada para él.

La diferencia entre esos dos delitos es que en el castigado en el artículo 137 basta la sola resistencia, demora o estorbo a un funcionario público en el cumplimiento de alguna de las obligaciones de su cargo o al tratar de cumplirla, mientras que esos mismos actos son penables como delito grave de acuerdo con el artículo 84 cuando se usa la amenaza o violencia para disuadir o impedir que un funcionario ejecutivo cumpla cualquiera obligación impuéstale por la ley. Así ha sido resuelto por este tribunal. *El Pueblo* v. *Ramos,* 13 D.P.R. 336 y *El Pueblo* v. *Lind,* 40 D.P.R. 777.

*La sentencia apelada debe ser revocada y absolverse a los apelantes del delito de infracción al artículo 137 del Código Penal.*