538

EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS
FERNANDO ZAYAS ORTIZ, acusado y apelante.

Núm. 10966.—*Sometido:* Diciembre 14, 1945. *Resuelto:* Enero 14, 1946.

*Ramos Antonini, Ortiz & Gutiérrez Franqui,* abogados del apelante;
*Hon. Procurador General E. Campos Del Toro, Luis Negrón Fer-
nández, Procurador General Auxiliar* y *J. Rivera Barreras,* abo-
gados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado y convicto de un delito de homicidio involuntario (*misdemeanor*), consistente en haber conducido un automóvil tan negligentemente y a velocidad tan exagerada, que arrolló al individuo Manuel Jiménez Morales, causándole la muerte. No estuvo conforme con la sentencia de nueve meses de cárcel que le fué impuesta y estableció el presente recurso.

■■ Alega el apelante que la corte inferior erró al declarar sin lugar la moción para la absolución perentoria del acusado y al dictar sentencia condenatoria.

Del récord aparece que al terminar la prueba del fiscal, el acusado presentó una moción solicitando su absolución perentoria; que la corte la declaró sin lugar; y que el acusado procedió entonces a ofrecer su prueba. Esto es suficiente para que no nos detengamos a considerar este señalamiento, pues es doctrina bien sentada la de que la presentación de evidencia por un acusado, después de denegada la moción para su absolución perentoria, equivale a una renuncia de dicha moción. *Pueblo* v. *Ojeda,* 26 D.P.R. 438; *Pueblo* v. *González,* 24 D.P.R. 713; y *Pueblo* v. *Berenguer,* 59 D. P.R. 81.

Hemos examinado la evidencia y encontramos que ella es más que suficiente para justificar la acusación y la sentencia impuesta al acusado. Todos los elementos del delito imputado quedaron claramente establecidos, sin que pueda caber la más leve duda en cuanto a que el acusado era el conductor del vehículo, que por ir conducido a una velocidad excesiva y negligentemente, causó la muerte a Manuel Jiménez. La corte sentenciadora no erró en la apreciación de la evidencia.

■ Sostiene el apelante que la corte inferior erró al declarar sin lugar la moción de nuevo juicio.

Este señalamiento carece de méritos. Siendo apelable la resolución denegatoria de un nuevo juicio, cuando no se apela

de ella este Tribunal carece de jurisdicción para revisarla. *Pueblo* v. *Lebrón,* 61 D.P.R. 657, 674; *Pueblo* v. *Ortiz,* 62 D.P.R. 258; *Pueblo* v. *Vélez,* 63 D.P.R. 405 y *Pueblo* v. *García Molina,* Cr. Núm. 10,924, resuelto en noviembre 26 de 1945 (*per curiam*).

Del récord aparece que al terminar el abogado defensor de exponer al jurado la teoría de su defensa, el Fiscal, en presencia del jurado, dijo, que esa teoría "es contraria a la que expuso en el juicio anterior y que no puede hacerse de acuerdo con la Ley". La defensa solicitó que se retirara el jurado y en ausencia de éste hizo una moción para que la corte declarase un *mistrial.* La moción fué declarada sin lugar y entonces, al continuar la vista, la corte se dirigió al jurado en esta forma:

"La Corte instruye al Jurado que la teoría de la defensa en este caso, es la teoría que expuso el señor Gutiérrez Franqui, que es el caso que tienen ante vuestra consideración, y que no deben, para nada, tomar en cuenta la manifestación que hizo el Fiscal hace un momento de que se había variado la teoría de la defensa."

Convenimos con el apelante en que las manifestaciones del Fiscal son impropias e incorrectas. Un acusado tiene derecho a basar su defensa en cualquier teoría, aun cuando ella sea diferente de la presentada en un juicio anterior sobre la misma causa. El Fiscal puede combatir un cambio injustificado en la teoría de la defensa, impugnando las declaraciones de los testigos presentados para sostener la nueva teoría, confrontándolos con las declaraciones que hubieren prestado en apoyo de la teoría descartada y utilizando cualesquiera otros recursos autorizados por las reglas de evidencia para demostrar que la nueva teoría es incompatible con la presentada en la vista anterior.

El error cometido por el Fiscal, de haber quedado insubsanado, pudiera ser considerado como perjudicial a los intereses del acusado. Empero, la oportuna y correcta ins-

trucción dada por la corte al jurado subsanó el error y evitó el perjuicio. *Pueblo* v. *Marrero,* 48 D.P.R. 896; *Pueblo* v. *Marchand Paz,* 53 D.P.R. 671; *Pueblo* v. *González,* 59 D.P. R. 97; *Pueblo* v. *Piazza,* 60 D.P.R. 575.

■■ El último señalamiento se relaciona con la admisión en evidencia de una fotografía del busto y rostro de la víctima. Alega el apelante que dicha fotografía fué ofrecida con el único fin de impresionar al jurado y crear en la mente del mismo un prejuicio contra el acusado. Sostiene el Fiscal que la fotografía era necesaria para que el doctor que practicó la autopsia y los testigos que vieron al herido inmediatamente después de ser arrollado por el automóvil, ninguno de los cuales conocía al interfecto, pudieran identificar la fotografía como la del ser humano que el primero había tenido en la mesa de operaciones y que los demás vieron muerto sobre la vía pública.

El apelante no ha elevado ante esta corte la fotografía por él objetada y no nos ha puesto en condiciones para que podamos determinar si la fotografía en cuestión era de tal naturaleza que su presentación debía inevitablemente impresionar al jurado en contra del acusado. El mero hecho de que una fotografía pueda impresionar al jurado en sentido desfavorable para el acusado, no justifica su exclusión, siempre que el Fiscal la haya ofrecido para un propósito legítimo de la acusación y no con el único fin de crear un prejuicio en la mente del jurado en contra del acusado. Véanse: *State* v. *Finch,* 103 Pac. 505; *State* v. *Nelson,* 92 P.2d 182; *Wilson* v. *State,* 11 So.2d 563; *People* v. *Smith,* 121 N.Y. 578; *People* v. *Durrant,* 116 Cal. 179 y *Commonwealth* v. *Winter,* 289 Pa. 284.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Córdova no intervino.