El Pueblo de Puerto Rico, demandante y apelado, *v.* Luis González Oliveras y José Luis González Oliveras, acusados y apelantes.

Núm. 13024.—*Sometido:* Marzo 25, 1948. *Resuelto:* Marzo 31, 1948.

*J. Ramírez Viñas,* abogado de los apelantes; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Los apelantes fueron condenados a cumplir un año de cárcel por el delito de acometimiento y agresión grave y no conformes interpusieron el presente recurso en el que alegan que la corte erró al declararlos culpables de dicho delito, al apreciar la prueba y que se excedió en la imposición de la pena.

Como agravante del delito imputado se alegó en la denuncia que los acusados acometieron y agredieron a Juan Rodríguez, siendo éste "Alcaide de la Cárcel Municipal de Vega Alta y que estaba en el desempeño de sus deberes como tal Alcaide de Cárcel, siendo de conocimiento

de dichos acusados. El agravante en este caso consiste, que los acusados realizaron dichos hechos en la Cárcel Municipal de Vega Alta, no siendo ellos empleados de la misma, y a sabiendas dichos acusados, de que el agredido era en aquellos momentos Alcaide de la Cárcel Municipal de Vega Alta, funcionario legal en cumplimiento de sus deberes como tal.''

■ Arguyen los apelantes que no siendo un alcaide de cárcel un funcionario y sí un empleado municipal, el delito cometido, de haberse cometido alguno, no sería uno con circunstancias agravantes. Dispone el inciso 1 del artículo 6 de la Ley de 10 de marzo de 1904 (pág. 41), que ''Todo acometimiento y agresión será considerado con circunstancias agravantes en los siguientes casos: 1. Cuando se cometa en la persona de un funcionario legal en el cumplimiento de sus deberes, en caso de saberse o haberse hecho saber a la persona que cometiere el hecho, que la persona agredida era un funcionario en el desempeño de un deber oficial.''

Sostienen los apelantes que no encontrándose el alcaide de cárcel entre los funcionarios administrativos municipales enumerados en el artículo 28 de la Ley Municipal vigente (Ley 53 de 1928 (pág. 335)), según ha sido enmendada),(¹) el alcaide de cárcel es un mero empleado municipal.

---

(¹)El artículo 28, en lo pertinente, dispone: ''Los funcionarios administrativos municipales serán los que se expresan a continuación, cuyos cargos se declaran incompatibles con el de miembros de la asamblea municipal y con cualquier otro cargo federal, insular o municipal retribuído:

''En los municipios de primera clase.

''1. Alcalde,

''2. Tesorero–Director Escolar,

''3. Director de Beneficencia,

''4. Director de Obras Públicas,

''5. Auditor,

''6. Secretario.

''En los de segunda y tercera clase:

''1. Alcalde,

''2. Tesorero–Director Escolar,

''3. Secretario–Auditor,

''4. Director de Beneficencia.''

528

No tienen razón los apelantes. El hecho de que el alcaide de la cárcel municipal no esté comprendido entre los "funcionarios administrativos" del municipio que especifica el artículo 28, supra, no significa que, por la naturaleza de sus funciones oficiales, no deba considerarse como un "funcionario", bajo el inciso 1 del artículo 6 de la Ley de 1904, supra. Un alcaide de cárcel es el custodio de las personas que aguardan la celebración de sus juicios o de aquéllos que ya extinguen sus sentencias, y además, es el jefe ejecutivo de la institución a su cargo y, como tal, el llamado a hacer cumplir con las reglas aplicables a la misma y a mantener el orden. Sus funciones, dentro de la institución, se asemejan a la de un policía, y ya hemos resuelto que una agresión a un policía constituye acometimiento y agresión grave por ser éste un funcionario público.[2] *Ex Parte Agrinsoni et al.*, 11 D.P.R. 364; *Pueblo* v. *Otero,* 20 D.P.R. 3.

■ Habiéndose alegado y probado que Juan Rodríguez, Alcaide de la Cárcel, se encontraba en el ejercicio de los deberes de su cargo y que los acusados tenían conocimiento de ese hecho al agredirlo, se alegaron y probaron los hechos esenciales del delito imputado. *Pueblo* v. *López,* 26 D.P.R. 81. La prueba de cargo demostró que los apelantes trataron de visitar en la cárcel a un hermano suyo que momentos antes había dado muerte a un policía insular en los salones de la corte municipal, situada en los altos de la cárcel, y al negárseles permiso para hacerlo por el alcaide, lo acometieron y agredieron con los puños, mientras uno de ellos le agarraba con un brazo por el cuello; que los apelantes sabían que el agredido era el alcaide de la cárcel porque habían estado presos en otras ocasiones, y además a él fué que se dirigieron para solicitar permiso para entrar a la cárcel. Esta prueba, creída por la corte, es suficiente para sostener la sentencia.

[2] En cuanto al alcance que hemos dado al concepto de "funcionario", usado en el artículo 10 de la Ley del Gobierno de la Capital (Ley núm. 99 de 1931), véase *Serra* v. *Autoridad de Transporte,* 67 D.P.R. 611.

■ En cuanto al último error señalado en el que se alega que la sentencia de un año impuesta a los apelantes es excesiva, nada encontramos en la prueba que justifique que intervengamos con la discreción de la corte inferior al imponer una sentencia que cae dentro de los límites señalados por la ley para el delito de acometimiento y agresión grave.

*Se confirma la sentencia apelada.*