El Pueblo de Puerto Rico, demandante y apelado, *v.* Emeterio Rivera Morales, acusado y apelante.

Núm. 13502.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Enero 31, 1949.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Emeterio Rivera Morales apela de la sentencia de diez meses de cárcel que le impuso, en grado apelativo, el Tribunal de Distrito de San Juan por una infracción al artículo

328 del Código Penal. En este recurso alega que la corte inferior erró al resolver que tenía jurisdicción en este caso, al admitir fotografías, tomadas antes y después del accidente, de la señora Vázquez, al concluir, a base de conocimiento judicial, que el señor Héctor Vázquez, no estaba en estado de embriaguez, sino que había tomado dos ó tres "highballs", al concluir que el apelante fué culpable de negligencia criminal, causa próxima del accidente, al apreciar la prueba y al imponer al apelante diez meses de cárcel.

El fundamento del primer error es que la denuncia en este caso no fué radicada ante el Tribunal Municipal de la Capital, creado por la Ley núm. 18, aprobada el 31 de diciembre de 1946, (Tercera Sesión Especial) que era el tribunal con jurisdicción, ya que el alegado delito se cometió el 1°. de enero de 1948 y la denuncia se radicó el 17 de febrero de 1948, cuando ya existía dicho tribunal, sino que se radicó ante la Corte Municipal de San Juan que ya había sido abolida por la mencionada ley. No tiene razón el apelante. Se trata de un defecto de forma en el título de una denuncia, la cual, de acuerdo con los artículos 22 y 23 del Código de Enjuiciamiento Criminal, puede iniciarse por una declaración jurada no exigiéndose que contenga en el título el nombre de la corte, como lo requiere el artículo 71 del mismo código cuando se trata de una acusación formulada por el fiscal. Además si a la fecha de la radicación de la denuncia el 17 de febrero de 1948 ya hacía más de un año que había sido abolida la Corte Municipal, es obvio que la denuncia se radicó ante el Tribunal Municipal de la Capital, y que, lo que seguramente ocurrió, fué que se utilizó un formulario impreso de denuncia utilizado para la corte abolida. La cuestión no es nueva en esta jurisdicción. En el caso de *Pueblo* v. *Gibson*, 51 D.P.R. 120, 123 resolvimos que "El encabezamiento no es una parte esencial de la acusación y si se demuestra que el tribunal llamado a juzgar al acusado recibió la denuncia

y procedió a celebrar el juicio, no creemos que se haya incurrido en un error que justifique la revocación de la sentencia.''

■■ No se cometió el primer error señalado y tampoco el segundo, pues la admisión como prueba de las fotografías de una de las personas lesionadas, tomadas antes y después de ocurrir el accidente, habiéndose demostrado que ella estaba ausente de Puerto Rico, no vemos en qué forma haya podido perjudicar los derechos del acusado. Aun tratándose de un juicio celebrado ante jurado—el de autos lo fué ante tribunal de derecho—hemos resuelto que ''El mero hecho de que una fotografía pueda impresionar al jurado en sentido desfavorable para el acusado, no justifica su exclusión, siempre que el Fiscal la haya ofrecido para un propósito legítimo de la acusación y no con el único fin de crear un prejuicio en la mente del jurado en contra del acusado.'' *Pueblo* v. *Zayas Ortiz,* 65 D.P.R. 538, 541.

Uno de los requisitos del artículo 328 del Código Penal, en su aspecto como delito menos grave, es que como consecuencia del choque se ocasione daño a alguna persona y las fotografías tendían a demostrar parte del daño sufrido por la señora lesionada en su rostro.

■ El tercer señalamiento es frívolo. Sostiene el apelante que la corte erró al concluir, a base de conocimiento judicial, que el Sr. Luis Vázquez, quien guiaba el automóvil con el cual ocurrió el choque, no estaba en estado de embriaguez, sino que había tomado dos o tres highballs. Lo que la corte dijo fué lo siguiente: ''La corte cree que esa guagua que manejaba este acusado venía a una velocidad mayor de diez millas por hora, y no hay prueba alguna en el sentido de que Vázquez estuviera en estado de embriaguez sino que había tomado dos o tres highballs durante la noche. Eso no tiene nada de extraño. Yo tengo muchos amigos que pueden estar toda la noche en una fiesta y solamente se toman uno, dos o tres highballs.''

Fué a base de la prueba, por tanto, que concluyó que el Sr. Vázquez no estaba en estado de embriaguez y sí que había tomado dos o tres highballs. El comentario adicional no significa que la corte resolviera sobre ese hecho a base de conocimiento judicial. Lo que la corte en efecto resolvió fué que el mero hecho de que el Sr. Vázquez se tomara dos o tres highballs no creaba la presunción de que estuviere en estado de embriaguez.

■ Por el cuarto y quinto señalamiento sostiene el apelante que la corte erró al apreciar la prueba. No obstante el esfuerzo que hace para demostrar que el acusado no incurrió en negligencia crasa y criminal al guiar la guagua que chocó con el automóvil guiado por el Sr. Vázquez, como consecuencia del cual recibió lesiones graves la esposa de este último, somos de opinión que dicha prueba es suficiente. Ella demostró que en la madrugada del día 1º. de enero de 1948 el acusado guiaba una guagua "panel delivery" por la Avenida Ponce de León, en dirección de Río Piedras a San Juan, dando "zig-zags" y al tratar de pasarle a una guagua de pasajeros que se había detenido en la parada 26, se desvió hacia su izquierda en el momento en que, en dirección contraria, venía el Sr. Vázquez guiando su automóvil por su derecha y dentro de la cinta amarilla que está pintada en la carretera, chocando la guagua del acusado con dicho automóvil por su parte izquierda delantera. El impacto fué de tal naturaleza fuerte que la señora Vázquez, que venía sentada al lado de su esposo, fué lanzada fuera del vehículo, cayendo a la carretera, habiendo recibido una herida en el lado izquierdo de su rostro desde la oreja hasta la barbilla, quedando inconsciente además el Sr. Vázquez, y quedando el automóvil destrozado en su parte delantera izquierda. Véanse exhibits 1 y 3 de El Pueblo.

■■ No erró a nuestro juicio la corte inferior al no dar crédito a la declaración del apelante al efecto de que venía guiando la guagua a una velocidad de diez a quince millas

por hora. Las consecuencias del impacto recibido por el automóvil del Sr. Vázquez tienden a demostrar que la velocidad de la guagua no podía ser mínima como sostiene el apelante. Prueba relativa a la fuerza del impacto de una colisión puede, por sí sola, o en relación con otras circunstancias, tener suficiente peso para justificar la conclusión de que hubo negligencia en cuanto a la velocidad del vehículo. *Efret* v. *Quiñones,* 40 D.P.R. 192. Y esas otras circunstancias en este caso fueron la forma en que venía guiando el apelante la guagua, o sea, dando zig-zags, tratando de pasarle a otra guagua e invadiendo parte de la derecha que correspondía al Sr. Vázquez. Hemos estudiado la transcripción de la evidencia y estamos convencidos que la prueba demostró que la causa próxima del accidente fué la negligencia del apelante. No erró la corte al así resolverlo. Tampoco estamos justificados, por la prueba, a intervenir con la discreción de la corte al imponer la pena en este caso. *Pueblo* v. *González,* 68 D.P.R. 526; *Pueblo* v. *Rivera,* 54 D.P.R. 702.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.