EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ISMAEL ZAYAS, acusado y apelante.

Núm. 14906.—*Sometido:* Enero 8, 1951.   *Resuelto:* Enero 18, 1951.

*Inés Acevedo de Campos* y *Rafael Muñoz Ramos,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

José Ismael Zayas fué acusado y convicto de infringir el artículo 84 del Código Penal de Puerto Rico, sentenciándosele a sufrir de un mes a un año de presidio, con trabajos forzados, y $100 de multa, más las costas. No conforme apeló.

Al iniciarse la vista del caso en el tribunal inferior Zayas presentó una excepción perentoria a la acusación, fundada en que ésta no aduce hechos constitutivos de una infracción al referido artículo. Su excepción fué declarada sin lugar, siendo la resolución a ese efecto el fundamento del primer error señalado. Al discutirlo, el apelante sostiene que el texto en castellano del artículo 84 del Código Penal es una traducción errónea del inglés, que es el texto que prevalece, ya que el *attempt* que tiene por miras ese artículo no significa la mera intención de impedir, sino más bien un hecho realizado (*overt act*) y que la sola intención no sería nunca el *attempt* si no viene acompañada por la realización de algún hecho para consumar esa intención.

La acusación presentada en este caso reza en lo esencial así: ". . . . los referidos acusados . . . .(¹) voluntaria e ilegalmente, y por medio de la violencia . . . . intentaron impedir que el policía insular Domingo Torres Mattei, . . . . quien era un funcionario ejecutivo . . . . sabiéndolo el acu-

---

(¹) El apelante fué acusado conjuntamente con su padre, José Leonardo Zayas. Visto el caso el jurado absolvió a éste.

sado, cumpliera con las obligaciones impuéstasle por la ley en ocasión en que dicho policía insular había arrestado legalmente a Braulio Rivera Rivera, para llevarlo a la Corte Municipal de Coamo por virtud de dicho arresto". El artículo 84 del Código Penal de Puerto Rico en su texto inglés está concebido en los siguientes términos:

"Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer in the performance of his duty, is punishable by fine not exceeding five thousand dollars, and imprisonment in the penitentiary not exceeding five years."

El texto del mismo en el idioma castellano provee:

"Toda persona que intentare por medio de amenaza o violencia, impedir a un funcionario ejecutivo que cumpla cualquier obligación impuéstale por la ley, ·o que a sabiendas ofreciere .resistencia a dicho funcionario en el cumplimiento de su deber, empleando viva fuerza o violencia, incurrirá en una multa máxima de cinco mil dólares y en pena de presidio por un término máximo de cinco años."

Siendo el texto inglés el que prevalece(²) y dada la forma en que la cuestión ha sido planteada por el apelante, se hace necesario ver si el texto castellano es una versión correcta y, por ende, si la acusación, que sigue la fraseología del artículo en castellano, aduce o no hechos constitutivos de una infracción del mismo.

En la obra Bishop's *New Criminal Law*, Vol. I, pág. 438, sección 728, se define la palabra *attempt* como "la tentativa de realizar determinada acción criminal, unida a un acto tendiente a su realización, que ·no llega a matérializarse." Véanse también Burdick's, *Law of Crime*, Vol. I, pág. 114, sección 103; *Alford* v. *Commonwealth*, 42 S.W.2d 711;

---

(²) Véase la sección 1 de la Ley núm. 8 de 1917, Vol. II, pág. 211, artículo 13 del Código Civil, ed. 1930. El artículo 84 de nuestro Código Penal es una adaptación casi *verbatim* del artículo 69 del Código Penal de California.

*People* v. *Lombard*, 21 P.2d 955; y *Broadhead* v. *State*, 139 So. 115. Por otra parte, la palabra intentar, usada en el contexto castellano del artículo 84, según el Diccionario de la Lengua Española, Real Academia Española, Décimaséptima Edición, 1947, pág. 729, significa "tener ánimo de hacer una cosa; prepararla, iniciar la ejecución de la misma; procurar o pretender." Según se ve, la palabra intentar se ajusta a cabalidad a la definición que de la palabra *attempt* han dado los aludidos tratadistas y los casos antes citados. La acusación siguió el contexto del estatuto. Ello bastaba. *Pueblo* v. *Avilés*, 66 D.P.R. 290; *Pueblo* v. *Marcano*, 61 D.P.R. 143; *Pueblo* v. *Ortiz*, 17 D.P.R. 896; *Manss* v. *Superior Court*, 25 Cal. App. 533. Por tanto, aducía hechos constitutivos del delito penado por dicho artículo.

██ Al darse cuenta de que el testimonio del testigo de cargo Juan Miranda Gómez difería materialmente de lo declarado por él por escrito, el ministerio público le preguntó si previamente había declarado o no bajo juramento ante el juez municipal de Coamo, contestando el testigo que lo había hecho ante un policía, mas no ante el referido juez, pero reconociendo que el documento que se le presentaba tenía su firma. En vista de ello el fiscal llamó entonces como testigo a dicho juez municipal, quien con la objeción de la defensa manifestó que le había tomado aquella declaración a Miranda Gómez y que éste la había suscrito en presencia suya. Alega ahora el apelante que fué un error de parte de la corte sentenciadora admitir la declaración del juez municipal a ese efecto.

Según el artículo 156 de la Ley de Evidencia (artículo 518 del Código de Enjuiciamiento Civil, ed. 1933), "a *la parte que presentare un testigo* no le será permitido tachar su veracidad mediante evidencia de mala reputación; pero *podrá contradecirle con otra evidencia*, . . . ." Además, el artículo 243 del Código de Enjuiciamiento Criminal provee que: "a *la parte que presente un testigo*, no le es permitido impugnar su veracidad probando que es persona de mala repu-

tación, pero *podrá contradecirlo, aduciendo pruebas en contrario.*" Habiendo negado Miranda Gómez haber suscrito la declaración ante el juez municipal, nada había, bajo los artículos citados, que impidiera que el fiscal pusiera a declarar a dicho funcionario para que testificara si la declaración se había prestado o no ante él. Por el contrario, esos artículos lo autorizaban. Lo expuesto por ellos constituye en realidad una de las excepciones a la regla general de que a la parte que presenta un testigo no le es permitido impugnar su veracidad. *Ellicot and Meredith* v. *Pearl,* 10 Pet. (U.S.) 412, 9 L. ed. 475; 58 Am. Jur. 442, sección 797. Cf. artículo 159 de la Ley de Evidencia y 245 del Código de Enjuiciamiento Criminal, así como los casos de *Pueblo* v. *Tirado,* 69 D.P.R. 389; *Pueblo* v. *Santos,* 69 D.P.R. 441, 449; *Pueblo* v. *Lebrón,* 61 D.P.R. 657, 673.

■■ También alega el apelante que la corte inferior erró al no reducir la calificación del delito de infracción al artículo 84 del Código Penal a acometimiento y agresión grave, como resultado de la prueba de El Pueblo. Tampoco se ha cometido este error. La prueba que a tal efecto la corte tenía ante sí fué en síntesis: que el policía Domingo Torres Mattei sorprendió a Braulio Rivera mostrándole a Carlos Mateo una lista de números y teniendo "una bolsa de papel con un paquete de bolita" en las manos; que el policía Torres Mattei arrestó a Rivera por infracción a la ley de la bolita; que mientras lo conducía arrestado a la corte municipal ellos pasaron frente al restaurante de los acusados y Rivera trató de penetrar en él, cosa que el policía le impidió; que entonces el acusado preguntó a Rivera qué le pasaba y éste le contestó "que el guardia Mattei me lleva arrestado" y "búscame fianza"; que el policía le dijo a Rivera que siguiera, que estaba arrestado, y acto seguido el acusado le tiró una bofetada al policía, dándole en un ojo; que entonces el acusado José Ismael Zayas le echó mano al cinturón del policía, enredándose ambos en una lucha; que José Leonardo Zayas, el padre, también le pegó; que el policía cayó al suelo

y allí lucharon hasta que dos individuos llamados. Gierbolini y Siso le quitaron a José Ismael Zayas de encima; que el acusado sabía que Torres Mattei era un policía, a pesar de que éste estaba vestido de paisano; que el acusado lo conocía; que con motivo de la intervención de los Zayas la bolsa que el policía ocupó con los boletos desapareció; y que Braulio Rivera huyó, pero fué más tarde arrestado.

Si el policía Torres Mattei tenía motivos para creer que Braulio Rivera cometía un delito en su presencia, él tenía derecho a arrestarle. Artículo 116 del Código de Enjuiciamiento Criminal; *Pueblo* v. *Ramos*, 18 D.P.R. 993. Y si mientras conducía a Rivera a la corte municipal él fué agredido por el acusado, en la forma que la prueba revela, el delito cometido fué una infracción al artículo 84 y no el de acometimiento y agresión grave.

Según dijimos en *Pueblo* v. *Ramos*, 13 D.P.R. 336, 340: ". . . . tanto (en) el delito comprendido en el artículo 137 del Código Penal, como en el 84 del mismo Código, como (en) el delito de acometimiento con la circunstancia agravante de ser un funcionario legal el acometido, hay un elemento integrante común, cual es el de ser funcionario público la persona ofendida, pero difieren en que los dos primeros tienen por objeto impedir a un funcionario público el cumplimiento de un deber de su cargo, el delito del artículo 137 sin empleo de amenaza o violencia y el del artículo 84 con semejante empleo, fin que no tiene el delito de acometimiento a un funcionario público, por más que en éste haya tentativa o amenaza de violencia." Véanse también *Pueblo* v. *Cancel*, 54 D.P.R. 28; *Pueblo* v. *Brunet*, 48 D.P.R. 173; *Pueblo* v. *Lind*, 40 D.P.R. 775; *Pueblo* v. *Otero*, 20 D.P.R. 3; *Pueblo* v. *Valcourt*, 16 D.P.R. 728. Por consiguiente, al presentársele la moción del acusado para que se rebajase la calificación del delito a acometimiento y agresión con circunstancias agravantes, la prueba que la corte tenía ante sí demostraba que los acusados habían ejercido violencia para impedir que el policía cumpliera con su obligación de llevar arrestado

hasta la corte municipal a Braulio Rivera.    Actuó, por tanto, acertadamente al no rebajar la calificación del delito.

██ En el cuarto y último error señalado el apelante sostiene que "el veredicto del jurado no está sostenido por y es contrario a la prueba."    Hemos reseñado a grandes rasgos la prueba que desfiló ante el jurado.    A nuestro juicio ésta es suficiente para sostener el veredicto rendido.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.