EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AUGUSTO ASENCIO TRINIDAD, acusado y apelante.

*Número:* CR-66-302      *Resuelto:* 5 de diciembre de 1967

*Rafael S. Fuentes Rivera* y *José Pérez Rodríguez,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Subprocurador General,* abogados de El Pueblo.

⸒PER CURIAM: El apelante fue convicto por un jurado por el delito de robo. En esta apelación señala: (1) Que el tribunal sentenciador cometió graves errores perjudiciales al transmitir sus instrucciones al jurado; (2) Que la prueba presentada fue de tal naturaleza vaga, imprecisa, contradictoria y por demás inverosímil que debió crear duda razonable en el ánimo del jurado; (3) Que el tribunal cometió error al denegar una petición de nuevo juicio; y (4) Que el magistrado que presidía el juicio y el Ministerio Público intervinieron indebidamente en el proceso, todo ello en perjuicio de los derechos del acusado.

Hemos examinado el récord y la transcripción taquigráfica de los procedimientos orales y concluimos que la

prueba, según fue creída por el jurado, no es de tal naturaleza inverosímil como para absolverse al acusado.

■ Entendemos también que no hubo error en la negativa a conceder un nuevo juicio. La moción se basó en prueba nuevamente descubierta y, según el récord, se trata de prueba que pudo haber sido traída originalmente al juicio con alguna diligencia.

■ En cuanto a la alegada intervención indebida en el proceso del magistrado y del Ministerio Público, el récord no demuestra una intervención al extremo de que privara al apelante de un juicio imparcial y justo. (¹)

(¹) Quizás el incidente no deseable por totalmente innecesario, fue el siguiente cuando la defensa repreguntaba al principal testigo de cargo: (T.E. pág. 55)

"P. ¿Salvador estaba junto contigo y tú hacías la tía agallá?
R. Yo seguida salí.
P. ¿Tu estabas con don Salvador cuando la tía se quejaba?
R. Sí, señor.
P. ¿Y entonces es que viene bajando Hugo?
R. Sí, señor.
P. ¿Y se encuentra con usted?
R. Conmigo se cruzó.
P. ¿Y entonces es que coge el palo y le da a don Salvador?
R. No, señor después.
P. ¿Te dio a ti primero?
R. Cuando yo regresé de la casa fue que me dio a mi y a él también.
P. ¿Cuándo regresaste de dónde?

HON. JUEZ:—
De la casa.

LCDO. PEDROZA:—
Perdóneme el Tribunal.

HON. JUEZ:—
Perdóneme a mí; yo tengo derecho a intervenir. Esta es mi Sala, yo soy el que dirijo los debates y canalizo los procedimientos, bien o mal, y si es mal usted sabe lo que tiene que hacer pero no puede interrumpir.

LCDO. PEDROZA:—
Vuestro Honor no es una interrupción, interrumpir a Su Señoría.

HON. JUEZ:—
Lo está haciendo colega.

LCDO. PEDROZA:—
Ahora nos estamos dirigiendo a su Señoría, no es nuestra intención

En lo que respecta al primer error imputado, el récord demuestra lo siguiente en las instrucciones al jurado. Instruyó así la Sala sentenciadora: (T.E. pág. 93)

"Damas y caballeros, el Artículo 238 del Código Penal define el delito de robo de la siguiente manera: 'Entiéndase por robo el acto de apoderarse criminalmente de bienes muebles pertenecientes a otro ya sea sustrayéndolos de su persona y en su inmediata presencia y contra su voluntad por medio de la violencia y la intimidación.'

De acuerdo con la ley es requisito esencial del delito de robo que la sustracción se realice por medio de la violencia o de la intimidación. La violencia empleada al realizarse la sustracción en el delito de robo esa no conlleva el uso de fuerza, es decir, de agresión. En un proceso por robo, probado el acto ilegal cometido contra la persona y propiedad del perjudicado, y conectar al acusado con la comisión del mismo, la ley presume que dicho acto fue realizado con intención criminal correspondiendo al acusado entonces presentar evidencia de la cual pueda surgir una duda razonable en cuanto a la existencia de esa intención o propósito criminal, no siendo la intención específicamente un elemento del delito de robo. No es necesario alegarlo ni probarlo en proceso por dicho delito bajo acusación por robo, que la sustracción se realizó por medio de la *violencia* prueba del resultado que el acusado agredió a una persona pero no así que existió sustracción ni que la agresión se realizó con la intención de sustraer propiedad alguna del agredido. Basta que muestre que el delito cometido fue el de Acometimiento y

interrumpir pero no habíamos oído al testigo. Se nos escapó que eso interrumpiera al Tribunal y le pedimos excusas.
HON. JUEZ:—

Cuando el Juez va a aclarar . . . dice que no lo oye pero si no lo deja terminar, no deja que el testigo tire la última expresión.
Yo tengo que velar porque el Jurado oiga lo que es admisible en evidencia pero si no lo deja terminar no puede contestarle así que tenga un poquito de calma. Si no es responsivo Su Señoría se dirige al Tribunal y lo que ha hecho con el testigo lo quiere hacer conmigo y no puede ser.
LCDO. PEDROZA:—

Perdone.
HON. JUEZ:—

Son arrebatos de juventud. Adelante."

Agresión en alguna de las dos gradaciones comprendidas en el delito de robo imputado en la acusación."

Después de instruir sobre acometimiento y agresión, siguen las instrucciones así: (T.E. pág. 95)

"El acusado ha alegado en aquella parte de su prueba, que consistió en su propio testimonio, que él agredió al perjudicado en este caso en defensa propia porque el perjudicado trató de agredirlo o iba a agredirlo con una cuchilla. *Si ustedes creyesen más allá de duda razonable y concluyesen de que este acusado no sustrajo la cartera del perjudicado en este caso,* pero que en efecto como él dice lo agredió y que lo agredió en defensa propia, fíjense bien, si para ustedes está eliminada la sustracción de la cartera y lo que existe es una agresión, pero, como el acusado dice que lo agredió en defensa propia porque lo iba a agredir con una cuchilla, *ustedes deben considerar cuál es la ley aplicable en nuestra jurisdicción.* La persona contra quien se intenta algún daño puede oponer la necesaria resistencia para impedir una ofensa contra su persona y una persona que sea atacada por otra no viene obligado a huir o esconderse o correr por las calles y caminos para ponerse a salvo de su agresor." (Énfasis nuestro.) (Siguen instrucciones sobre defensa propia.) (T.E. pág. 97)

"En el proceso ha desfilado prueba en el sentido de que este acusado luego de agredir al perjudicado en el momento de los hechos y alegada sustracción de la cartera se marchó del sitio *aparentemente huyendo.* (²) Si ustedes creen que esa actuación del acusado, si le dan crédito a esa prueba, y luego de agredirlo y sustraer la cartera se marchó del sitio en la forma que lo hizo, eso constituye huida o fuga debe tenerla presente en la conducta de una persona inmediatamente después de haberse cometido el crimen o después de haber sido acusado de haberlo cometido. No es suficiente por sí solo para establecerse su culpabilidad, pero es un hecho que una vez probado puede ser considerado en relación con tales circunstancias y decidir si es culpable o inocente." (Énfasis nuestro.)

▪ Las anteriores instrucciones son un tanto confusas en su expresión. Es correcto que el delito de robo no es de

---

(²) Estas inferencias debe hacerlas el jurado. Habiendo prueba directa de la sustracción, no fue perjudicial en este caso.

aquellos que requieren una intención específica criminal a ser probada dicha intención como una cuestión de hecho. Eso es lo que captamos que quiso decir el magistrado. Así lo. establecimos en *Pueblo* v. *Betancourt*, 66 D.P.R. 132, 134 (1946). Pero como en una acusación de robo, de no probarse la sustracción aunque sí la violencia personal, el delito quedaría reducido a la agresión, la instrucción no clara se presta a deducir que el magistrado informó al jurado que debían creer más allá de duda razonable que el acusado *no* había sustraído la cartera del perjudicado. La inversa sería correcto, o sea, que el jurado debía establecer más allá de duda razonable que el acusado había sustraído la cartera.

■ No obstante las observaciones hechas, consideradas todas las instrucciones en su totalidad y sobre todo las expresiones hechas por el magistrado al final de las mismas en cuanto a qué veredicto podrían traer a la luz de qué hechos que entendieran probados, nos parece que el jurado quedó debidamente instruido en cuanto a que ellos podían llegar a la conclusión, más allá de duda razonable, de la comisión de un delito de robo en este caso, si hubo una sustracción de la cartera del perjudicado mientras fue atacado por el apelante. No está en disputa en el récord el hecho de la agresión al perjudicado. El apelante admite que lo agredió, sólo que lo hizo en defensa propia, y negó, por supuesto, haber hecho la sustracción después de la agresión. (³) Incuestionablemente el jurado creyó la prueba de la sustracción.

---

(³) Los hechos, según el Ministerio Público, fueron que el perjudicado y un sobrino de su mujer estuvieron tomando en un establecimiento desde las 6:30 de la tarde como hasta las 12; que el sobrino en uná ocasión fue a pagar y no habiendo cambio pidió al perjudicado que le cambiara un billete de $5.00; que éste sacó la cartera con $300 y al verla, el apelante, que allí estaba también tomando, dijo que la cartera estaba "buchua". (El apelante en su testimonio dijo haber hecho esta expresión.) Que como a las 12 salieron los tres, todos bajo los efectos de la bebida y el perjudicado bastante ebrio, y el apelante, que les seguía, se

A la luz de todas las circunstancias envueltas, el error sobre las instrucciones no es de tal naturaleza que amerite la concesión de un nuevo juicio.

*Se confirmará la sentencia de convicción apelada.*

El Juez Asociado Señor Belaval no intervino. El Juez Asociado Señor Blanco Lugo concurre con el resultado.

---

desapareció. Luego salió de detrás de unas matas, atacó al sobrino con un palo y lo inutilizó, atacó al perjudicado con el palo y lo dejó inconsciente, y que entonces le sacó la cartera y se fue con ella.

La prueba de defensa aceptó la agresión, aunque en defensa propia, y tendió a demostrar que la cartera pudo haber sido cogida por el sobrino, único testigo presencial, y su tía, la esposa del perjudicado, que fue llevada al sitio por aquél.