EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RENÉ MILTON VÁZQUEZ IZQUIERDO, acusado y apelante.

*Número:* CR-67-103      *Resuelto:* 6 de junio de 1968

René Milton Vázquez Izquierdo, *pro se*; *Jorge Arroyo Fernández* y *Richard Ramos Algarín*, abogados del apelante; *Rafael A. Rivera Cruz, Procurador General*, y *Juan José Ríos Martínez, Procurador General Auxiliar*, abogados de El Pueblo.

PER CURIAM: Acusado y convicto de hurto mayor, el apelante fue sentenciado a cumplir la pena de dos a siete años de presidio.

En apelación, su representación legal sólo apunta como error la negación de una moción de nuevo juicio. El apelante, por su propio derecho, apunta que el tribunal de instancia incidió (1) en la apreciación de la prueba; (2) y (3) en el incumplimiento de las Reglas Núms. 22 y 154 de las de Procedimiento Criminal; (4) al no admitir en evidencia una caja de herramientas marca *Craftsman*, propiedad del apelante y, por última apunta (5) que sólo tuvo una defensa *pro forma*.

Los anteriores apuntamientos son inmeritorios por los fundamentos expresados a continuación.

La prueba de cargo demostró que el apelante fue empleado como ayudante de mecánico y chófer de la corporación Concrete Lifting Service, Inc. Fue despedido de ese empleo a principios de agosto de 1965 por la Presidenta de dicha empresa, la Sra. Gloria Rodríguez, prima tercera del apelante. Cuando cesó en sus labores, el apelante se llevó un juego de herramientas *Craftsman* de su propiedad que compró en Sears con la garantía de la Sra. Rodríguez. En 20 de dicho mes y año el apelante se presentó en la oficina de la referida corporación y de allí se llevó una caja de herra-

mientas marca *Vulcan* a pesar de que el encargado de la oficina le dijo que las herramientas en dicha caja pertenecían a la corporación y, por lo tanto, que no se las llevara. Tenían un valor de unos $120 a $124. El testigo de cargo Alberto Irizarry testificó que la caja roja de herramientas marca *Vulcan* que se encontraba en la oficina de la corporación en cuestión era de su propiedad; contenía herramientas suyas y otras de la corporación. El valor de la caja y las herramientas de su propiedad era de unos $300. No autorizó a nadie a llevarse esa caja de la oficina antes mencionada.

Por la defensa declaró Emilio Fagot Rodríguez sobre la buena reputación que el apelante tenía en la comunidad. Lo conocía por haberlo tenido empleado en su negocio de taxis. Negó haberse querellado a la policía de que el apelante le hubiera llevado $2,000 que le entregara para depositar en un banco. Negó haber hablado sobre esto con la Sra. Rodríguez.

En redirecto, testificó la Sra. Rodríguez que el Sr. Fagot le había informado que tuvo un automóvil a nombre del apelante; que le había entregado a éste los $2,000 indicados los que el apelante se apropió.

Sostiene el apelante que el tribunal de instancia actuó correctamente al denegar la moción de nuevo juicio bajo las disposiciones de la Regla 188 de las de Procedimiento Criminal, pero que la prueba aportada en apoyo de dicha moción era admisible para conceder nuevo juicio bajo la Regla 192 de las de Procedimiento Criminal. Dicha prueba, según declaración jurada de un señor Olmeda, era al efecto de que éste acompañó al apelante a la oficina de la corporación a buscar sus herramientas y le ayudó a llevarse de allí una caja gris marca *Craftsman* que describió.

La moción en cuestión se presentó antes de dictarse sentencia de manera que procedía considerarse bajo la indicada Regla 188 según lo dispuesto en la Regla 189.

Bajo la Regla 188, para que pueda prosperar una moción de nuevo juicio fundada en el descubrimiento de nuevas pruebas, es necesario que éstas no se hayan podido descubrir antes del juicio a pesar de haberse empleado la mayor actividad razonable. *Pueblo* v. *Pardo Toro*, 90 D.P.R. 635 (1964). La moción va dirigida a la discreción del tribunal sentenciador. Su actuación no será alterada en apelación a menos que se demuestre un claro e inequívoco abuso de discreción. *Pueblo* v. *Pardo Toro*, supra; *Pueblo* v. *Morales*, 66 D.P.R. 10 (1946).

■ De la moción de nuevo juicio presentada por el apelante al tribunal sentenciador surge que "la razón primordial *por la cual el acusado no actuó con la diligencia adecuada* para proveerse de toda esta prueba que ahora dispone, se debió a lo absurdo e imposible que consideraba la acusación que por el delito de Hurto Mayor se seguía contra él, por entender que existiendo una relación de parentesco con la denunciante Gloria Rodríguez, y habiendo sido empleado de ella se le hacía difícil percatarse a plenitud de la obligación que tenía de conseguir la prueba documental y testifical que ahora somete para sustentar esta moción de nuevo juicio." (Énfasis nuestro.) Esto no constituye en derecho una circunstancia que impidiera al acusado de presentar en el juicio el indicado testimonio de Olmeda por él conocido desde que ocurrieron los hechos en que se basa la acusación. No podemos concluir que tal prueba hubiese cambiado el veredicto en este caso al extremo de que al negar la moción de nuevo juicio el tribunal incurriese en un abuso de discreción. Tampoco se ha demostrado que el tribunal hubiese incurrido en un claro e inequívoco abuso de discreción de haber denegado dicha moción bajo la Regla 192.

■ 1.—En vista de que la prueba de cargo no fue rebatida y la de la defensa sólo consistió de un testigo de reputación cuya credibilidad fue impugnada, no podemos conve-

nir con el apelante que el jurado incidió en la apreciación de la prueba. *Pueblo* v. *Iturrino de Jesús*, 90 D.P.R. 706 (1964); *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 520 (1961).

■ 2 y 3.—La Regla 154 de las de Procedimiento Criminal exige prueba de corroboración en procesos por determinados delitos entre los cuales no se incluye el de hurto. No era necesario corroborar el testimonio de la testigo Gloria Rodríguez, como arguye el apelante.

El apelante no señala hecho alguno para sostener que no se dio cumplimiento a lo dispuesto en la Regla 22 de las de Procedimiento Criminal.

4.—Hemos examinado la transcripción de la evidencia y de la misma no se desprende que en momento alguno se pretendiera introducir como parte de la prueba una caja de herramientas marca *Craftsman*.

■ 5.—La defensa del apelante no fue *pro forma*. El récord demuestra que su representación legal actuó con el debido celo y diligencia en defensa de su causa. Tomó parte activa y efectiva en todo el curso del proceso; presentó cuestiones de derecho fundamentales; objetó prueba que entendía no era admisible; su contrainterrogatorio de los testigos de cargo fue dirigido a impugnar su credibilidad o a debilitar el impacto del testimonio inculpatorio.

*En vista de lo expuesto, se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 13 de febrero de 1967.*