EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CAMILO VILLALONGO TORRES, acusado y apelante.

*Número:* CR-73-100        *Resuelto:* 30 de septiembre de 1974

*Santos P. Amadeo* y *Agustín Pérez Rodríguez,* abogados del apelante; *Myriam Naveira de Rodón, Procuradora General* y *Candita R. Orlandi, Procuradora General Auxiliar,* abogadas de El Pueblo.

PER CURIAM: Camilo Villalongo Torres fue acusado de cuatro infracciones a la anterior Ley de Narcóticos consisten-

tes en un cargo por violación del Art. 39 (¹) y por posesión y dominio, ocultación y transportación y venta de la droga narcótica conocida como heroína, 24 L.PR.A. secs. 975c y 974z. Los hechos imputádosle ocurrieron el 21 y el 31 de octubre de 1970 respectivamente.

Hizo alegación de no culpable y solicitó juicio por jurado. El juicio se celebró los días 21 y 22 de julio de 1971. El jurado rindió veredicto de culpabilidad en cada uno de los cargos por unanimidad.

Presentó una "Moción para diferir lectura de Sentencia", y posteriormente una "Moción ampliada sobre nuevo Juicio". El día 29 de diciembre de 1971, luego de una vista y discusión de dichas mociones el tribunal de instancia denegó la solicitud de nuevo juicio y sentenció al acusado a cumplir de tres (3) a cinco (5) años de presidio por la violación al Art. 39, de cinco (5) a siete (7) años de presidio por la posesión y dominio, de cinco (5) a siete (7) años de presidio por la ocultación y transportación y de siete (7) a diez (10) años de presidio por la venta. Las sentencias se cumplirían concurrentemente con la de siete (7) a diez (10) años por el cargo de venta.

Apeló ante nos alegando la comisión de nueve errores que consideramos a continuación:

"Primer Error: El juez sentenciador erró al no instruir al jurado que éste podía absolver al acusado-apelante aun cuando éste fuera culpable de acuerdo con la prueba.

---

(¹)"Toda persona que acuerde, consienta a, negocie o en cualquier forma ofrezca para la venta, entrega, aplicación o donación cualesquiera de las drogas narcóticas comprendidas en este Capítulo y luego venda, done, entregue, traspase o administre engañosamente cualquier otra substancia, material o líquido haciendo creer que se trata del narcótico objeto de la transacción será condenada a sufrir una pena de reclusión no menor de un (1) año ni mayor de diez (10) años. Esta sección será aplicable para toda persona sin importar que la misma esté o no autorizada a realizar la transacción envuelta." Art. 39 de la Ley de Narcóticos de 1959, 24 L.P.R.A. sec. 975c.

Segundo Error: El juez sentenciador erró al definirle al jurado lo que constituye duda razonable para los fines de determinar si el acusado-apelante es culpable o inocente de los delitos por el cual [*sic*] fue sentenciado."

■■ Discutiremos estos alegados errores conjuntamente por referirse a instrucciones al jurado. No fueron cometidos. En cuanto al primero, resolvimos contrario a la posición del apelante en *Pueblo* v. *Báez Cintrón*, 102 D.P.R. 30 (1974). En cuanto al segundo, hemos examinado cuidadosamente las instrucciones sobre duda razonable y encontramos que las mismas cumplen a cabalidad con las exigencias de la ley. Más aún las mismas no fueron objetadas ni se solicitaron otras adicionales aun cuando tuvo el apelante oportunidad de así harcerlo.

"Tercer Error: Los veredictos y las sentencias dictadas contra el acusado-apelante son nulos e ineficaces porque las instrucciones que el tribunal sentenciador dio al jurado no han sido aprobadas por la Legislatura de Puerto Rico de acuerdo con el Artículo V, Sección 6 de la Constitución del Estado Libre Asociado de Puerto Rico."

■ Este planteamiento es frívolo. Las Reglas de Procedimiento Criminal fueron adoptadas y aprobadas sin que ocurriera desviación alguna del procedimiento que para ello establece la Constitución en su Art. V, Sec. 6. La número 137 específicamente señala que luego de los informes "el tribunal deberá instruir al jurado haciendo un resumen de la evidencia y exponiendo todas las cuestiones de Derecho necesarias para la información del jurado." La Constitución no exige que las instrucciones en sí sean aprobadas por la Legislatura. Por el contrario, es facultad inherente al poder judicial complementar el estatuto procesal, particularmente ante situaciones de hechos que no pueden preverse para todos los casos. Véanse *Pueblo* v. *Sánchez Torres*, 102 D.P.R. 499 (1974); *González* v. *Tribunal Superior*, 75 D.P.R. 585 (1953).

"Cuarto Error: El Tribunal sentenciador erró al instruir al jurado que todo testigo se presume que dice la verdad."

■ El apelante fue juzgado los días 21 y 22 de octubre de 1971. Aunque en *Pueblo v. París Medina,* 101 D.P.R. 253 (1973), resolvimos que esa instrucción es errónea, ordenamos su eliminación prospectivamente es decir, a partir del 1ro. de mayo de 1973.

"Quinto Error: Los veredictos del jurado son nulos e ineficaces porque de acuerdo con la evidencia no se probó que el acusado-apelante es culpable más allá de toda duda razonable, debido a la naturaleza conflictiva de la declaración del testigo principal de El Pueblo, Adalberto Vega Rodríguez."

■ Si bien hubo algunas contradicciones en el testimonio del agente Vega Rodríguez, éstas recayeron sobre detalles no esenciales. En lo esencial, su testimonio fue consistente. Además, correspondía al jurado resolver cualquier contradicción y lo hizo, por unanimidad, declarando al apelante culpable. No hay base en los autos para que intervengamos en la apreciación de la prueba por el jurado. *Pueblo v. Rosario Cintrón,* 102 D.P.R. 82 (1974); *Pueblo v. Nevárez Virella,* 101 D.P.R. 11 (1973); *Pueblo v. Rodríguez Vallejo,* 100 D.P.R. 426 (1972).

"Sexto Error: Erró el Tribunal sentenciador al declarar sin lugar la Moción de Nuevo Juicio presentada por el acusado-apelante después de haber sido encontrado culpable éste por el jurado que intervino en su caso."

La solicitud de nuevo juicio se basó, según expresa el apelante en: "Que una de las personas mencionadas en el transcurso del juicio contra el acusado en las causas del epígrafe está dispuesta a ofrecer su testimonio, a fin de esclarecer ciertos ángulos que concurrieron durante el juicio, producto del cual fue convicto el aquí acusado Camilo Villalongo Torres."

En apoyo de su solicitud ofreció, en la vista que al efecto se celebró, el testimonio de Angel Luis López Figueroa. López

Figueroa declaró que como confidente acompañaba al agente Vega Rodríguez y le presentó a un tal Lefty y al apelante; Lefty le vendió varias bolsas de supuesta heroína al agente, que resultaron contener otra sustancia; luego Lefty se ausentó de Puerto Rico, y el agente le propuso "fabricarle un caso" a Camilo (al apelante), a lo que el testigo se negó. El abogado del apelante argumentó que no pudo conseguir ese testigo a tiempo para el juicio.

■ Una moción de nuevo juicio basada en el descubrimiento de nuevas pruebas va dirigida a la discreción del tribunal sentenciador. *Pueblo* v. *Vázquez Izquierdo,* 96 D.P.R. 154 (1968). Un tribunal no comete error al denegar tal moción si la prueba pudo ser obtenida y presentada en el juicio por el acusado mediante el ejercicio de una diligencia razonable. *Pueblo* v. *Arroyo Núñez,* 99 D.P.R. 842 (1971); *Pueblo* v. *Vázquez Izquierdo,* supra; *Pueblo* v. *Asencio Trinidad,* 95 D.P.R. 473 (1967).

El apelante tuvo conocimiento de la existencia de un confidente desde que se celebró la vista preliminar. Durante el juicio se hizo referencia al confidente, nombrándosele por Luis, y dándose su dirección como calle Las Flores en Río Grande. Del testimonio prestado por el confidente surge que el apelante y él eran amigos y estudiaron juntos. No le hubiera sido difícil al apelante conseguir al confidente y traerlo al juicio. Río Grande es una comunidad relativamente pequeña y los que forman parte de la subcultura de la droga se conocen unos a otros. Véase *Pueblo* v. *Acosta Escobar,* 101 D.P.R. 886 (1974). Además el juez que oyó y vio declarar al confidente no le dio crédito. Ese mismo juez presidió el juicio, e hizo constar al resolver la moción, "No creo que su testimonio como testigo de defensa, hubiese cambiado el veredicto a que arribara el jurado en estos casos." Véase *Pueblo* v. *Vázquez Izquierdo,* supra, a la pág. 157. Bajo las circunstancias de este caso no hallamos justificación para intervenir con la discreción ejercitada por el Juez sentenciador.

580

"Séptimo Error: Erró el Tribunal sentenciador al permitir que el Jurado se separase permitiendo que fueran a almorzar a sus casas sin haber obtenido el consentimiento de las partes en el proceso."

■ Además de resultar tardío este planteamiento por no haber sido hecho ante el tribunal sentenciador, *Pueblo* v. *Delgado Lafuente*, 97 D.P.R. 266 (1969), no tiene base en Derecho. Es facultad del tribunal que juzga el caso permitir que los miembros del jurado se separen durante el transcurso del juicio. Regla 138 de Procedimiento Criminal. La Regla no exige el consentimiento del acusado o del fiscal. Compárese *Pueblo* v. *Meléndez Burgos*, 90 D.P.R. 792 (1964).

"Octavo Error: Erró el Tribunal sentenciador al admitir en evidencia el Exhibit I de El Pueblo que no estaba firmado por la persona a quien Adalberto Vega Rodríguez—agente encubierto—se lo entregó, el Sr. Israel Laureano de Jesús, su Supervisor.

Noveno Error: Erró el Tribunal al permitir el testimonio de Ramón Chinea Rodríguez, Químico de la Policía, y quien intervino en el examen de los cinco decks de supuesta heroína que se le entregó en un sobre porque la cadena de evidencia se rompió en este caso contra el acusado-apelante, ya que de la faz de dicho sobre no aparece la firma de Israel Laureano de Jesús, como supuestamente se alegó, por lo cual el no haber sido recibido por él, no podía llegar a sus manos, y por lo tanto su testimonio era inaceptable."

■ Ambos planteamientos son inmeritorios. Ciertamente el testigo Israel Laureano de Jesús, supervisor del agente que compró el material delictivo al apelante y quien lo recibió de aquél, admitió que había olvidado firmar el sobre oficial en que puso los cinco *decks*. Pero esa omisión no tuvo el efecto de interrumpir la cadena de prueba. Esta quedó establecida con su propio testimonio y el del químico. El supervisor recibió personalmente el material del agente que lo compró al apelante y personalmente lo entregó al químico. Su identificación quedó además plenamente establecida por el nombre, número de placa

è iniciales del agente comprador y la fecha de la transacción, escritos en la envoltura en que fue entregado el material al supervisor y así pasó de éste al químico.

*Se confirmarán las sentencias apeladas.*