EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WILLIAM ORTIZ RODRÍGUEZ, acusado y apelante.

*Número:* CR-73-119       *Resuelto:* 13 de febrero de 1975

*David Urbina Urbina,* abogado del apelante; *Myriam Naveira de Rodón, Procuradora General, Justo Gorbea Varona, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante y dos sujetos más, portando ilegalmente armas de fuego, asaltaron a un pequeño establecimiento comercial en jurisdicción de Canóvanas, Puerto Rico. Asesinaron a la esposa del dueño y a éste lo hirieron de cui-

dado con una bala que le interesó el cuello, además de haberle propinado varios golpes en la cabeza.

En apelación se señalan siete errores. En el primero se sostiene que el tribunal erró al no conceder un nuevo juicio. Se argumenta que el jurado recibió prueba indebidamente. Se dice que un policía expresó que el acusado tenía antecedentes penales en Nueva York. Sin embargo, el planteamiento del apelante descansa exclusivamente en prueba de referencia; no trajo a declarar a los dos miembros del jurado que alegadamente oyeron esa expresión, ni tampoco trajo a declarar al policía que supuestamente la dijo. El jurado Rosario, quien declaró sobre el particular, declaró no haber estado presente cuando se hizo dicha manifestación y declaró que no podía afirmar que los jurados fueron impresionados por ella de haberse hecho.

■ En realidad, se trata de especulaciones traídas mediante prueba de referencia. Hemos resuelto que en situaciones como ésta el tribunal no abusó de su discreción al denegar un nuevo juicio. *Pueblo* v. *Rodríguez Vallejo,* 100 D.P.R. 426, 433–435 (1972).

■ Mediante el segundo señalamiento se aduce que el tribunal ejerció coacción sicológica sobre los jurados adversa al apelante. El planteamiento es frívolo. El tribunal expresó que si la deliberación tardaba se podían ordenar refrigerios. No surge prueba de coacción sicológica del récord.

■ En el tercer señalamiento se sostiene que erró el tribunal al no dar instrucciones especiales solicitadas sobre impugnación de testigos y sobre contradicciones y omisiones. El tribunal no se negó a ello y dio instrucciones adecuadas sobre contradicciones. Aparentemente se le olvidó u omitió elaborar sobre impugnación por omisiones. De todas maneras, no se cometió ningún error perjudicial. El testigo clave, Eustaquio Morales, fue contrainterrogado extensamente por la defensa. Esta se valió hábilmente de su oportunidad para sacar a la

luz las posibles discrepancias, contradicciones u omisiones que hubiesen podido existir en la declaración de Morales. Las omisiones en que incurrió Morales, quien era el dueño del negocio a quien hirieron de bala y a quien le propinaron golpes en la cabeza, no fueron sobre hechos importantes o esenciales para llegar a un veredicto justo. Dada la situación dramática, dolorosa y bastante extensa a que fue sometido Morales durante el atraco y el tiroteo, no se le puede exigir que relatara los hechos con la fidelidad de una cámara cinematográfica. En prácticamente ninguna situación eso es posible. También hay que recordar que debido a los golpes en la sien Morales estuvo inconsciente una o dos veces durante los sucesos. El apelante no señala omisiones sobre hechos materiales o importantes que hubiesen variado el veredicto. No se cometió el error señalado. *Pueblo* v. *Nazario Nieves*, 100 D.P.R. 232, 235 (1971).

El cuarto señalamiento es en el sentido de que el fiscal comentó el silencio del acusado. La prueba fue en el sentido de que los dos cómplices del apelante llegaron primero al negocio, entraron y tomaron sus posiciones respectivas. Luego se asomó el apelante y sus cómplices le dijeron "Entre, compañero." Este entró, cerraron las puertas del establecimiento y comenzaron su faena. El fiscal señaló que el apelante al ser invitado a entrar no rechazó la invitación sino que penetró al establecimieto. Parece claro que la frase de "Entre, compañero." era el santo y seña preacordado que le debían dar al apelante los cómplices que ya estaban dentro del establecimiento para indicarle que podían proceder con su plan. Probablemente de haber habido allí en ese momento policías, otras personas, guardias privados, etc., los asaltantes hubiesen pospuesto el asalto para ocasión más propicia. El fiscal no comentó el silencio del acusado. Lo que hizo fue hacer referencia a hechos que eran parte del crimen. *Pueblo* v. *Díaz*, 74 D.P.R. 375, 381 (1953). En sus informes al jurado el fiscal y el defensor pueden comentar la evidencia presentada y pueden

expresar inferencias y deducciones. *Pueblo* v. *Fournier*, 80 D.P.R. 390, 407 (1958). En el caso de autos, el comentario del fiscal estaba dirigido a demostrar la participación del apelante en los hechos. Esa es una función lícita del fiscal. No se cometió el error señalado.

Mediante el quinto señalamiento el apelante se queja de que el tribunal admitió en evidencia fotografías de la occisa. Arguye que eso impresionó al jurado adversamente. No podemos menos de preguntarnos si no hubiese sido mejor no haber cometido el asesinato. No parece haber duda de que el hecho del asesinato en sí influyó más en el jurado que las meras fotografías. Se ha sostenido que son admisibles fotografías para ilustrar hechos sobre los cuales se ha declarado, *Pueblo* v. *Torres*, 75 D.P.R. 231, 235 (1953) ; para demostrar el número de heridas, *Pueblo* v. *Pacheco Stevenson*, 83 D.P.R. 842, 848 (1961) ; para corroborar el testimonio de un testigo, *Pueblo* v. *Rodríguez Colón*, 95 D.P.R. 614, 617–618 (1967) ; para probar cualquier cosa que sea pertinente sobre la cual un testigo puede dar una descripción oral, pues las fotografías son una representación del estado de cosas que están en controversia, *Pueblo* v. *Márquez*, 67 D.P.R. 326, 335 (1947). El mero hecho de que una fotografía pueda impresionar al jurado desfavorablemente para el acusado no justifica su exclusión. *Pueblo* v. *Zayas Ortiz*, 65 D.P.R. 538, 541 (1946) ; *Pueblo* v. *Rivera*, 69 D.P.R. 538, 541 (1949). Ello es así porque el jurado debe conocer todo lo relacionado con el caso que juzga para estar en mejores condiciones de rendir un veredicto justo. *Pueblo* v. *Rivera*, 83 D.P.R. 471, 483 (1961). La manera más eficaz para no impresionar adversamente a un jurado es no cometer un crimen.

El sexto señalamiento es al efecto de que la identificación del apelante fue ilegal. El planteamiento no tiene mérito. El testigo Morales declaró que pudo ver bien al acusado dentro de su negocio antes de ser herido; describió su tez, pelo y constitución física a la policía. Luego, al examinar seis libros

que contienen miles de fotografías identificó al apelante en una de ellas. Posteriormente volvió a identificarlo sin vacilación en una rueda de siete detenidos. Nada hay en dicha identificación que la vicie de ilegalidad.

El séptimo y último señalamiento consiste en argumentar que el veredicto es contrario a la prueba. El señalamiento es frívolo.

*Se confirmarán las sentencias apeladas.*

El Juez Presidente, Trías Monge, y los Jueces Asociados, Dávila e Irizarry Yunqué, concurren en el resultado.