# 97 DTA 141

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL II DE BAYAMON
### PANEL I

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JOSE ANTONIO GONZALEZ RIVERA
Peticionario

Núm. KLCE-95-01068

San Juan, Puerto Rico, a 20 de junio de 1997

Panel integrado por su Presidenta, la Jueza Ramos Buonomo
y los Jueces Ortiz Carrión y Cordero

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la cual se declaró no ha lugar la Moción Solicitando Remedio al Amparo de la Regla 192.1 presentada por el acusado-peticionario.

### I

El 17 de marzo de 1994, mediante vista preliminar, se determinó causa probable en contra del acusado-peticionario José Antonio González Rivera, por los delitos de asesinato en primer grado y por los Arts. 6 y 8 de la Ley de Armas. También se halló causa probable en contra de la co-acusada Vivian Rosa Trinidad por las infracciones a los Arts. 6 y 8 de la Ley de Armas. En dicha vista preliminar testificó Noelia I. Santiago Rodríguez, única testigo presencial de los hechos con que contó el Ministerio Público.

Luego de varios incidentes procesales, se señaló el juicio para el 21 de noviembre de 1994. En esa fecha, el fiscal y el acusado, por mediación de su abogado, iniciaron conversaciones con miras a lograr una alegación preacordada. El acusado se declaró culpable del delito de homicidio y de infracciones a los Arts. 8 y 6 de la Ley de Armas con una pena recomendada de doce (12) años de reclusión y para cumplir la sentencia en una institución penal. El acusado le indicó al tribunal ese día, que la alegación de culpabilidad hecha por él era una por conveniencia. ██ Explicó el acusado que aunque él era inocente, y luego de que así se lo recomendara su abogado, entendía que hacer dicha alegación era la mejor decisión, ya que la prueba en su contra era de tal naturaleza que podría acarrearle una convicción por el delito imputado. El Tribunal de Primera Instancia admitió la alegación de culpabilidad, cerciorándose antes que la misma era libre, voluntaria e inteligente. Luego de la alegación de culpabilidad hecha por el peticionario, el Ministerio Público solicitó el archivo y sobreseimiento de los casos que pendían en contra de la co-acusada Vivian Rosa Trinidad.

Llegado el día de lectura de la sentencia, el peticionario solicitó el retiro de su alegación de culpabilidad alegando que luego de meditar sobre lo acordado, había cambiado de parecer. El Ministerio Público se opuso a dicha solicitud alegando que la testigo principal de cargo, Noelia Santiago Rodríguez, había sido relevada de la protección del Programa de Víctimas y Testigos del Departamento de Justicia, desconociéndose su paradero. En consecuencia, alegó el Ministerio Público, no se podría probar el caso de asesinato en primer grado y tampoco se podrían reactivar los casos en contra de la co-acusada Vivian Rosa Trinidad. El foro recurrido declaró no ha lugar la solicitud hecha por el peticionario y dictó sentencia de acuerdo a lo estipulado por las partes.

El 8 de junio de 1995, el peticionario presentó una *"Moción Solicitando Remedio al Amparo de la Regla 192.1 de Procedimiento Criminal"*. En dicha moción el peticionario expuso la existencia de evidencia exculpatoria descubierta luego de impuesta la sentencia y le solicitó al Tribunal de Primera Instancia que celebrara una vista para la consideración de la moción; que anulara la sentencia impuesta; y que ordenara la celebración del juicio correspondiente. También alegó el peticionario en dicha moción que la Policía ocultó la existencia de dicha prueba ex-culpatoria.

Se celebró la vista evidenciaria para escuchar los testimonios de los siguientes testigos: Julio Alicea Vasallo, Rolando Barbosa y el Agente Daniel García Hernández. El Tribunal de Primera Instancia en su resolución resumió el testimonio de los tres testigos como sigue:

*"Luego de escuchar estos testigos, de Don Julio Alicea Vasallo, indica, que su sobrino José Luis Alicea Arriaga le había confesado que había dado muerte, en este caso, a José Sánchez Fernández, víctima, en el caso que nos ocupa. Que no sabe dónde se encuentra su sobrino en este momento, pero que aparentemente se encuentra en los Estados Unidos. Que no dio ninguna información con relación al caso que nos ocupa, ni a la policía, ni a la fiscalía sobre esa supuesta confesión hecha por su sobrino. Que sí sabía que había un caso de asesinato en contra de José Antonio González Rivera, por la prensa y que no dijo nada, porque estaba "recopilando información para poder tener una decisión clara sobre lo que se le estaba diciendo," página 18 de la transcripción; en la página 25 de la transcripción indica, que tenía dudas sobre lo que su sobrino le estaba diciendo, ya que había una testigo clave que estaba identificando a unas personas en específico, página 25 y 26 de la transcripción.*

*El próximo testigo, Rolando Barbosa, indicó que ese día cuando ocurre la muerte de José Sánchez Fernández, él está con éste y con José Alicea Arriaga. Que estuvieron por varios sitios en el área metropolitana y que después él se quedó en su hogar, yéndose, José Alicea Arriaga y el occiso. Que se enteró de la muerte del occiso al otro día y que no hizo nada, porque le habían dicho que no dijera nada, página 41 de la transcripción; y que nunca había dicho nada sobre estos hechos, página 42 de la transcripción; y que le contó entonces al señor José Marrero, investigador de la defensa en este caso, sobre estos hechos, página 43 de la transcripción. También en la página 40 de la transcripción, no puede identificar el color del vehículo del occiso, sí que era un carro pequeño, Datsun o algo por el estilo. Posteriormente la fiscalía sentó a declarar al Agente Daniel García Hernández, quien declaró que nunca tuvo como sospechoso a José Luis Alicea Arriaga; que sí había tenido unos incidentes con Julio Alicea Vasallo en relación a un arresto que se le practicó a su otro sobrino, Víctor Alicea Arriaga; ver página 52 de la transcripción."*

Luego de haber escuchado la prueba, el tribunal recurrido reservó su decisión para fecha posterior. Posteriormente se celebró una vista a los efectos de conocer las gestiones efectuadas por las partes para localizar a la testigo de cargo Noelia I. Santiago. El Ministerio Público informó al tribunal en la vista que a pesar de haber realizado distintas gestiones para localizar la testigo, ninguna de ellas fue exitosa y que, por lo tanto, no se había podido localizar a la misma.

El 22 de noviembre de 1995 el Tribunal de Primera Instancia mediante resolución, declaró no ha lugar la solicitud del peticionario. Fundamentó su posición indicando que los testigos presentados por la defensa para apoyar su solicitud, no le merecieron ningún crédito; que el Ministerio Público estaría impedido de procesar al peticionario, ya que se desconoce el paradero de su único testigo presencial de los hechos; que el Ministerio Público no podría reactivar los casos archivados en contra de la co-acusada Vivian Rosa Trinidad y; que la declaración de la testigo Noelia I. Santiago Rodríguez había sido una sólida, contundente y había descrito todos los actos del peticionario con claridad y precisión.

No conforme, el peticionario presentó recurso de *certiorari* imputándole al foro *a quo* la comisión de los siguientes errores:

*"Erró el Honorable Tribunal de Instancia al declarar NO HA LUGAR la Moción Solicitando Remedio al Amparo de la Regla 192.1 de las de Procedimiento Criminal, radicada por el Peticionario.*

*Erró el Honorable Tribunal de Instancia al adjudicar arbitrariamente la credibilidad de los testigos presentados por el Peticionario en la vista para la discusión de su Moción al Amparo de la Regla 192.1 de las de Procedimiento Criminal.*

*Erró el Honorable Tribunal de Instancia al utilizar como fundamentos para declarar no ha lugar la Moción del Peticionario, el archivo del caso de una co-acusada y la ineficacia del Ministerio Público para localizar sus propios testigos bajo protección."*

## II

Por estar íntimamente relacionados entre sí los errores señalados, todos serán discutidos en conjunto.

La cuestión a resolver en el presente recurso se circunscribe a la procedencia de una moción de nuevo juicio fundada en el descubrimiento de prueba nueva a la luz de la disposición de la Regla 192.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, de la jurisprudencia interpretativa de la misma, y de los hechos particulares del presente caso.

En *Pueblo v. Ortiz Couvertier,* ___ D.P.R. ___ (1993), **93 J.T.S. 32**, pág. 10475, el Tribunal Supremo de Puerto Rico resolvió que la Regla 192.1 constituye un mecanismo procesal apropiado para que un convicto de delito en nuestra jurisdicción plantee la alegada privación de su derecho a tener una adecuada representación legal en la etapa apelativa.

No obstante, en *Pueblo v. Ruiz Torres,* ___ D.P.R. ___ (1990), **90 J.T.S. 134**, el Tribunal Supremo de Puerto Rico, mediante sentencia, resolvió que la Regla 192.1 es inaplicable a un caso donde los planteamientos del convicto-peticionario se refieren a cuestiones de hechos, ya que versaban sobre la existencia de una alegada prueba exculpatoria referente a un error en su identificación como autor del delito por el cual fue convicto. Dispuso el Tribunal Supremo que *"[a]unque la regla dispone que la sentencia está sujeta a ataque colateral por cualquier motivo de un lenguaje integral, no podemos concluir que ese fundamento se refiere a cuestiones de hechos. Interpretar la regla de esa manera sería contrario a los anteriores fundamentos contenidos en la regla los cuales son estrictamente de Derecho". Id.,* pág. 8247. Añadió el Tribunal Supremo que el peticionario tenía, sin embargo, el remedio contemplado en la Regla 192 de las de Procedimiento Criminal. *Id.* Esta regla dispone:

*"También podrá el tribunal, a solicitud del acusado, conceder un nuevo juicio cuando después de dictada sentencia sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba de tal naturaleza que evidencien la inocencia del condenado."*

34 L.P.R.A. Ap. II, R. 192.

Este estatuto le confiere al convicto la facultad de presentar una moción una vez dictada sentencia para que se celebre un nuevo juicio porque surgen nuevos hechos o nueva prueba que demuestre su inocencia. *Id.* Esta moción tiene que presentarse al tribunal a los treinta (30) días desde que el peticionario tuvo conocimiento del descubrimiento. Regla 189 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 189.

La Regla 192.1 se diferencia de la Regla 192 en que ésta permite la concesión de un nuevo juicio cuando los hechos que se han conocido después de la sentencia podrían evidenciar la inocencia del condenado. *Pueblo v. Ortiz Couvertier, supra,* nota 13, pág. 10477.

En el caso de autos, los planteamientos de la defensa más bien giran en torno a que tiene pruebas conducentes de que el peticionario no cometió el delito imputado sino otra persona. También en este caso los planteamientos formulados por el peticionario se refieren a cuestiones de hechos y, por lo tanto, no aplica la Regla 192.1. *Pueblo v. Ruiz Torres, supra.* La regla aplicable al presente caso es la Regla 192.

De otra parte, aunque el peticionario presentó una moción al amparo de la Regla 192.1 eso no impide que este Tribunal pueda evaluarla como una moción de nuevo juicio de conformidad con la Regla 192. El nombre con que se designa un recurso no es determinante de su naturaleza, ni debe ser decisivo desde el punto de vista de la función de hacer justicia. *Correa Negrón v. Pueblo, supra,* pág. 293. *"[L]os tribunales, cuando es necesario y de justicia hacerlo, hacemos caso omiso de los nombres o títulos mal puestos a los recursos y consideramos los mismos como corresponda." Id.* En consecuencia atendemos la súplica del peticionario como una solicitud bajo la Regla 192. Veamos pues cuándo procede la concesión de un nuevo juicio bajo la Regla 192 de la de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 192.

### III

Una moción de nuevo juicio fundada en el descubrimiento de nueva prueba sólo procede cuando esta última: (a) no se pudo descubrir con razonable diligencia antes del juicio; (b) no es meramente acumulativa; (c) no impugna la prueba aducida durante el juicio; (d) **es creíble**, y (d) probablemente

produciría un resultado diferente. *Pueblo v. Morales Rivera,* 115 D.P.R. 107, 110 (1984).

Las concesiones de nuevo juicio van dirigidas a la sana discreción del tribunal, excepto cuando se presenta evidencia que sustancia algunas de las razones que para conceder nuevo juicio establece la Regla 188 de Procedimiento Criminal. *Pueblo v. Rodríguez Vallejo,* 100 D.P.R. 426, 435 (1972). La concesión de un nuevo juicio descansa en la discreción del tribunal sentenciador, y su actuación no será alterada por un tribunal apelativo a menos que se demuestre que hubo abuso de discreción. *Pueblo v. Prieto Maysonet,* 103 D.P.R. 102, 113 (1974). Es al juez sentenciador a quien corresponde dirimir los conflictos sobre la credibilidad entre la versión de un testigo en el juicio y la versión ofrecida por la nueva prueba en la vista sobre la moción de nuevo juicio. *Pueblo v. Torres Rivera,* ___ D.P.R. ___ (1991), **91 J.T.S. 82**, pág. 8982.

Un tribunal no comete error al denegar tal moción si la prueba pudo ser obtenida y presentada en el juicio por el acusado mediante el ejercicio de una diligencia razonable. *Pueblo v. Villalongo Torres,* 102 D.P.R. 574, 579 (1974). Cuando una moción de nuevo juicio está fundamentada en hechos que no constan en el récord, el acusado viene obligado a establecerlos en la vista de la moción mediante evidencia competente. *Pueblo v. Rodríguez Vallejo, supra.* Especulaciones traídas por un acusado mediante prueba de referencia no pueden servir de base a un tribunal para ejercitar su discreción y conceder un nuevo juicio. *Pueblo v. Ortiz Rodríguez,* 103 D.P.R. 368, 370 (1975).

## IV

Consideremos pues, los méritos intrínsecos de la moción presentada en el caso de autos. ¿Procedía la concesión de un nuevo juicio ante la alegada nueva evidencia concedida?

Entendemos que la prueba que alega tener el peticionario podría demostrar su inocencia. Los testimonios de los testigos Julio Alicea Vasallo y Rolando Barbosa podrían haber cambiado el resultado del presente caso. Independientemente de los posibles problemas probatorios que puedan tener estos testimonios, los cuales deberán ser dilucidados en juicio, lo cierto es que esos hechos van dirigidos a probar que él no fue la persona que cometió el delito por el cual fue convicto.

Además, en el presente caso, la prueba nueva, alegadamente, no estuvo disponible para el aquí peticionario durante la etapa de la celebración del proceso que culminó en su alegaión de culpabilidad; no es prueba puramente acumulativa, la misma es creíble y existe una probabilidad de que hubiese provocado un resultado diferente.

Es por estas razones que en este caso hallamos justificación para intervenir con la discreción ejercitada por el juez sentenciador. Este no fundamentó el por qué dichos testigos presentados por la defensa no le merecieron ningún crédito. De su resolución se desprende el que pesó mucho en su decisión el factor de que *"[e]l Ministerio Público estaría impedido de procesar el convicto, ya que se desconoce el paradero de su única testigo presencial y no podría procesar bajo ningún concepto a la co-acusada, Vivian Rosa Trinidad."* ██ Sin embargo, admite en su resolución que una alternativa disponible para que el Ministerio Fiscal pueda conducir su caso contra el peticionario, lo es presentando el testimonio de dicha testigo no disponible, leyendo el testimonio vertido de dicha testigo durante la vista preliminar del caso. Regla 64 (B) (1) de las de Evidencia, 34 L.P.R.A. Ap. II, R. 64 (B) (1). Bajo esta alternativa, el Ministerio Público podrá probar su caso, de no encontrarse a la testigo presencial de los hechos, leyendo el testimonio de la testigo, luego de sentar las bases y someter la transcripción en evidencia. Véase *Pueblo v. Torres García,* ___ D.P.R. ___ (1994), **94 J.T.S. 123**. Debemos recordar que un testimonio anterior puede probarse por lo menos de cuatro modos diferentes: (1) por la declaración de un observador presente en la anterior vista, quien deberá dejar al Tribunal satisfecho de que puede recordar el sentido o substancia de lo que dijo el testigo, aun cuando no pueda recordar las palabras exactas; (2) por la declaración de un observador directo que ha refrescado su memoria con un memorando como las notas de un taquígrafo, o la transcripción; (3) el récord taquigráfico oficial que tenga condición de récord público; (4) las notas de un observador del juicio si llena requisitos de memoria preservada en forma escrita. *Pueblo v. Ríos Nogueras,* 111 D.P.R. 647, 654 (1981). Véas,e además, *Pueblo v. Pellot Pérez,* 121 D.P.R. 791 (1988).

Por lo tanto, procede que bajo la acción remediadora que suple la Regla 192 de las de Procedimiento Criminal, la declaración de culpabilidad en este caso sea dejada sin efecto, así como la

sentencia, y permitirse al peticionario un juicio plenario.

A pesar de lo antes señalado, no tenemos claro del récord el que el peticionario hubiese presentado su moción dentro de los treinta (30) días después de conocer los hechos nuevos que sustentan su moción, como lo requiere la Regla 189 de las de Procedimiento Criminal. El Tribunal de Primera Instancia deberá, en primer lugar, dilucidar dicho asunto, y proceder de acuerdo a la ley.

## V

En virtud de lo anteriormente expuesto, se expide el auto solicitado, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para que celebre un nuevo juicio, si el peticionario demuestra que presentó su solicitud de nuevo juicio dentro de los treinta (30) días requeridos por la Regla 189 de las de Procedimiento Criminal. *

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 141

**1.** Véase *North Carolina v. Alford*, 400 U.S. 25 (1970).

**2.** Véase la pág. 5 de la Resolución del 22 de noviembre de 1995 emitida por el Juez del Tribunal de Primera Instancia. Petición de *Certiorari*, Anejo 1, pág. 5.

\* El Juez Ortiz Carrión emite voto concurrente y disidente.

---

## VOTO CONCURRENTE Y DISIDENTE DEL JUEZ DE APELACIONES SR. ORTIZ CARRION — 97 DTA 141

San Juan, Puerto Rico, a 20 de junio de 1997

No estoy de acuerdo con lo decidido por la mayoría de los jueces que constituyen este Panel de que el remedio aplicable sólo procede bajo la Regla 192 de Procedimiento Criminal. Entiendo que el remedio en este caso también procede bajo la Regla 192.1 de Procedimiento Criminal.

En este caso no sólo se plantea la existencia de nueva prueba, sino también la omisión del Estado de informar al recurrente sobre la existencia de prueba que podría beneficiar a su defensa. El testimonio presentado ante el tribunal recurrido sobre este particular es indicativo de una violación al debido proceso de ley del recurrente, independientemente del hecho de que el Estado haya actuado de buena fe al incurrir en tal omisión.

El recurrente tenía derecho a que se le informara sobre cualquier prueba que pudiera impugnar la credibilidad del testigo de cargo. La omisión de suministrarle esta clase de prueba constituye una violación al derecho de todo imputado a un juicio justo.

Por esta razón, el recurrente no sólo tiene derecho a nuevo juicio por el descubrimiento de nueva prueba que --de ser creída-- podría conducir a su absolución, sino porque además esa prueba era conocida por el Estado, quien la descartó y no informó su disponibilidad a la defensa. Ante tal situación, el recurrente también tiene derecho a un remedio de nuevo juicio bajo la Regla 192.1.

Estamos conscientes que esta discrepancia puede ser académica si la moción de nuevo juicio se presentó en el plazo establecido por la Regla 189, cosa que no surge de los autos ante nos. Sin embargo, la discrepancia podría ser substancial si la moción se presentó fuera del plazo establecido por la Regla 189, ya que la Regla 192.1 no está sujeta a ese plazo.